No. 46,558
JOHN CALVIN SANDERS, *Appellant*, v. STATE OF KANSAS, *Appellee.*.
(496 P. 2d 1394)

Opinion filed May 6, 1972.

*William D. Rustin,* of Wichita, argued the cause and was on the brief for the appellant.

*Keith Sanborn,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *F. H. Jenkins, Jr.,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: John Calvin Sanders entered a voluntary plea of guilty to the crime of unlawful possession of a pistol after having been convicted of burglary in 1966, in the state of California. His plea was entered on March 19, 1969, in conjunction with pleas on five other felony counts. He was sentenced under K. S. A. 21-2611 and no direct appeal was perfected.

Thereafter, Sanders filed a motion in the district court to vacate judgment and sentence under K. S. A. 60-1507. The sole basis for the motion was that upon being convicted in California he was placed under the control of the California Youth Authority by reason of his age and that his conviction constituted a misdemeanor, not a felony. He asserted that K. S. A. 21-2611 requires the previous conviction to be a felony.

The district judge by order summarily overruled appellant's motion. The order in pertinent part reads as follows:

"Movant's sole contention is that his prior conviction for second degree burglary in California was a misdemeanor and not a felony, and by reason of that fact he would not be guilty of a violation of K. S. A. 21-2611.

"K. S. A. 21-2611, however, does not specify that the burglary must be a felony; it merely states:

" 'It shall be unlawful for any person who has previously been convicted in this state or elsewhere of committing . . . burglary, . . . to own a pistol or to have or keep a pistol in his possession, or under his control . . .'

"The movant's act was unlawful regardless of whether the burglary was defined as a felony or a misdemeanor in the state of California, *Lawton v. Hand,* 186 Kan. 385, 350 P. 2d 28 (1960)."

The decision of the trial court was eminently correct. Under K. S. A. 21-2611, making it unlawful for a person to own, possess or control a pistol if that person has previously been convicted of burglary, it matters not whether the burglary was punishable as a felony or as a misdemeanor. The case of *Lawton v. Hand,* 186 Kan. 385, 350 P. 2d 28, is controlling authority.

Our opinion might well end here, for we have answered the one point raised by the motion and decided by the district court. However, two other matters raised on appeal deserve comment.

Appellant earnestly contends his conviction and sentence should be set aside because the state failed to introduce evidence during the original sentencing proceedings to establish that the burglary in California amounted to a felony.

It matters not whether the burglary was punishable as a felony or as a misdemeanor and in view of the guilty plea entered by movant there was no occasion for the trial court to hear evidence relating to his admission of guilt upon which the conviction rests. Once a plea of guilty has been voluntarily entered by an accused, there is no necessity to introduce evidence to maintain the conviction. A voluntary plea of guilty is a confession of guilt of the crime charged and every fact alleged therein. See *Hughes v. State,* 206 Kan. 515, 517, 479 P. 2d 850, and cases cited therein.

Appellant further argues on appeal that the charge contained in the information was fatally defective because it failed to state the case number and location of the California court where the prior burglary conviction occurred.

Appellant fails to include the information as a part of the record on appeal, so the record presented to this court is insufficient to consider the question he seeks to present. However, what appears to be a similar contention was considered and rejected by this court in *State v. Way,* 204 Kan. 375, 377, 461 P. 2d 820. See also

*Weathers v. State,* 208 Kan. 653, 656, 493 P. 2d 270, where it was pointed out the sufficiency of an information should be challenged on direct appeal.

It is clear the one question raised by appellant's motion was one of law. It was correctly decided by the district court. An evidentiary hearing was not required to determine that question. The order of the district court is affirmed.