No. 47,570

STATE OF KANSAS, *Appellant,* v. WILLIAM R. SHERMAN, *Appellee.*

(536 P. 2d 1373)

Opinion filed June 14, 1974.

*Richard S. Wetzler,* Assistant District Attorney, argued the cause, and *Curt T. Schneider,* Attorney General, and *Margaret W. Jordan,* District Attorney, and *J. J. B. Wigglesworth,* Assistant District Attorney, were with him on the brief for the appellant.

*James A. Wheeler,* of Olathe, argued the cause, and *Herbert L. Lodge,* of Olathe, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by the state. The single issue is whether the trial court erred in discharging defendant because he had not been tried within 180 days after his arraignment.

On June 27, 1973, defendant (William R. Sherman) was arraigned upon a charge of theft in violation of K. S. A. 21-3701. Defendant stood mute, whereupon the trial court entered a plea of not guilty upon his behalf. Defendant was then released on bond.

The case was first set for trial on August 13, 1973, but due to a calendar conflict the case was not tried, but was reset for trial on November 19, 1973, at which time 145 days had elapsed since arraignment. There is no dispute that the 145 days between June 27 and November 19 were chargeable to the prosecution. When the case was called on November 19, the state announced ready for trial. Defendant was not present and his counsel asked for a continuance which was granted. On November 28, 1973, defendant appeared in person with counsel and requested that the case be set over until the January term of court. The colloquy between the court, the defendant and his counsel, Mr. Lodge, and the deputy district attorney, Mr. Pierron, which took place at this time is reproduced in the record as follows:

"MR. LODGE: If the court please, this case was set for trial November 19th. At that time the case was taken off the trial setting and this hearing set today upon the purpose of presenting a formal application to continue this matter

until January, and then the specific order that the defendant be present. He is present and I do now make application, a request that this matter be continued for trial *until the January term of this court.*

"THE COURT: So you are requesting that it be continued over for any trial setting until on or after January 7 of 1974?

"MR. LODGE: Correct, Your Honor.

"THE COURT: I believe the first day of January term would be January 7th, I believe. Do you have any objection to the motion?

"MR. PIERRON: No, Your Honor. The only point I would want the record to be clear on is that 180 days, I believe will run on the 27th of December, and our records indicate that Mr. Sherman was arraigned on the 27th day of June. I would like for Mr. Sherman to specifically state for the record that he is waiving his 180 days.

"THE COURT: Mr. Sherman, are you aware of the fact that under the law that you are entitled to a speedy trial and which trial would be within 180 days after the date of your arraignment in the event you are out on bond? I want you to understand also that the time would be up—you say December 27th of this year?

"MR. PIERRON: Yes, Your Honor.

"THE COURT: Therefore, unless you request a continuance the trial must be had before that date, so therefore, if you concur with the request for a continuance the case may be tried *after* the 7th day of January, and the time during which the continuance is granted will not be counted on the 180 days. Now, do you understand?

"THE DEFENDANT: Yes.

"THE COURT: So you will still be entitled to a trial within 180 days, but the period of time from now until the 7th of January, 1974, would not count in that 180 days. You understand that?

"THE DEFENDANT: Yes.

"THE COURT: That is your request, that the trial be continued over until after the 7th of January?

"THE DEFENDANT: Yes.

"THE COURT: All right. That will be the order of the court. Counsel prepare the necessary Journal Entry." (Emphasis supplied.)

The record reveals that the next trial setting was on January 21, 1974. The state appeared and announced ready for trial. The defendant failed to appear, his bond was forfeited and a bench warrant issued. On January 26, 1974, defendant surrendered on his bond. On January 29 the defendant was arrested on the bench warrant and held in jail thereafter.

On February 6, 1974, defendant appeared in person and by his counsel, Mr. Lodge and Mr. Wheeler, and presented a motion to vacate the bond forfeiture which had been rendered on January 21, 1974, when defendant failed to appear.

The Honorable Don Musser, of the Eleventh Judicial District,

assigned judge, presided at these proceedings. The pertinent portion of the colloquy between court and counsel appear as follows:

"THE COURT: I talked to Judge Riggs concerning a setting. He is the Assignment Judge. Of course, the settings have to come through him. He advised that, although I think there may be other cases, that the matter could be set on the 14th or the 19th. Is there any reason why either one of those dates is not satisfactory?

"MR. LODGE: I will be engaged in other work on the 13, 14 and 15th of this particular week, Your Honor.

"THE COURT: So we don't have any problem with time, does the defendant waive any objection to the matter going past the 180 days' time, due to the circumstances?

"MR. LODGE: Well, I am not in a position to agree to such a waiver. I didn't know that the 180 days total time had elapsed. I have agreed on continuing periods, Your Honor. I knew it was very close, but—

"THE COURT: Well, you are requesting that the matter not be set on the 14th; is that correct?"

In further discussion, Mr. Lodge stated that he would relieve himself of the commitments on the 14th rather than waive any rights of his client. The court then announced a trial setting for February 14, 1974.

On February 14 the Honorable Lewis L. McLaughlin of the Twenty-First Judicial District, assigned judge, presided. The state announced that it was ready for trial. Defendant, through his counsel, advised the court that co-counsel, Mr. Wheeler, was ill and requested another continuance. Defendant's request was granted and the case was reset for February 19, 1974. On February 19 the defendant appeared and moved for a dismissal charging that the state had failed to meet the requirements of K. S. A. 22-3402, in that defendant had not been brought to trial within 180 days after arraignment. The trial court continued the hearing until the following day (February 20), when this motion was sustained and defendant was discharged. This appeal followed.

The terminal dates framing the issue are June 27, 1973, the date of arraignment, and Febuary 14, 1974, when defendant last moved for a continuance. The trial court concurred in defendant's calculation and assessed 183 days against the state. The state contends that under no theory could more than 178 days be charged to the state. The state also points out, with emphasis, that 178 days makes no allowance for the rescheduling of the case necessitated by defendant's absences and his motions for continuances.

On appeal the state contends that any delay in bringing the defendant to trial within 180 days was solely a result of the "application" and "fault" of the defendant within the meaning of K. S. A. 22-3402. The state asserts that excluding periods of delay unquestionably attributable to the defendant, the 180 day limitation period of the statute had not elapsed. From our examination of the record we believe the state's calculation is correct.

As we have previously indicated, the record reveals that the first 145 days (June 27 to November 19, 1973) were chargeable to the state. By reason of defendant's motion for continuance on November 19, 1973, the period running through January 7, 1974, was chargeable to defendant. The state submits that the trial court's computation for the month of January was erroneous. We believe the state's position is supported by the record. In its calculations the court charged 24 days of January against the state—this was calculated as best we are able to ascertain from the trial court's decision—as 20 days running through January 21 and 4 days for the period January 26 to January 31. The court then charged 14 days of February, running through February 14 to the state, which made a total of 38 days charged to the state in January and February, which added to the 145 days makes a total of 183 days according to the trial court's calculation.

The trial court erred with respect to the days charged to the state during January 1974. Under no theory could more than 19 days in January be assigned to the state. The record clearly shows that defendant requested a continuance on November 19, 1973, over to the January 1974 term of court commencing on January 7, 1974. The colloquy between court and counsel, set out above, regarding defendant's request for a continuance to a trial setting in January—not specifically for a setting on January 7. The case was set for trial on January 21, 1974, but defendant failed to appear. Giving the defendant the advantage of the January 7 date this would result in only 14 days between January 7 and January 21, being chargeable to the state. For some unexplained reason the trial court charged the state with 20 days for this period. Since defendant failed to appeal on January 21, when his bond was forfeited, the time running from that date was clearly his fault. Again, giving the defendant the most credit possible by terminating his absence time on January 26, when he surrendered on his bond, only 5 days at most (January 26 to 31) could be charged against the state. The 5 days for this latter period added to the 14

days from January 7 to January 21, plus the first 14 days of February, totals 33 days which added to the 145 days preceding November 19, 1973, totals 178 days.

The defendant's calculation of 183 days, adopted by the court, does not allow the state any time for redocketing the case when a delay has been caused by defendant's request for a continuance or his absence on a date set for trial. In the case of *State v. Welch,* 212 Kan. 180, 509 P. 2d 1125, we addressed the problem that arises where a defendant fails to appear for trial and is subsequently arrested on a bench warrant which necessitates a delay in rescheduling a trial of the case, we said:

". . . The test to be applied is whether the subsequent delay was the result of the application or fault of the defendant following rearrest on an alias warrant. The state should be allowed a reasonable time to have the trial court reschedule the case for trial. This period should be considered as the fault of the defendant. . . ." (p. 184.)

While the foregoing was not essential to the determination of the issue in *Welch* and, likewise, is not a basis for our decision here, we think the statement should be kept in mind by a trial court when assessing elapsed time because of the rescheduling of a trial necessitated by the fault of defendant. This is not to say that the state is relieved of its burden in affording an accused a speedy trial. The duty in this regard always rests upon the state and not upon the accused. (*State v. Davis,* 209 Kan. 225, 495 P. 2d 965; and *Sanders v. State,* 209 Kan. 505, 496 P. 2d 1394.) Any additional period of time assessed against a defendant due to the necessity of rescheduling a trial because of his fault should be limited to a reasonable time measured by the particular circumstances of the case.

Finally, we note that at least four different judges, two of whom were nonresident assigned judges, made rulings with regard to continuances and trial settings in this case. We deem it inadvisable to burden assigned judges, unfamiliar with the state of the docket or the availability of a jury, with the responsibility of scheduling criminal cases for trial.

The judgment is reversed and the case remanded for further proceedings.

FROMME, J., not participating.