No. 47,424

STATE OF KANSAS, *Appellee,* v. HARRELL E. POWELL, *Appellant.*

(527 P. 2d 1063)

Opinion filed November 2, 1974.

*Rodney H. Busey,* of Arvin, Arvin, Busey and Thomas, Chartered, of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: The defendant, Harrell E. Powell, was convicted of passing worthless checks. In this appeal his sole contention is that he was not brought to trial within the statutory ninety days and his motion for discharge should therefore have been sustained.

Since he was never free on bond, the applicable statute is K. S. A. 1973 Supp. 22-3402 (1), which requires the discharge of an incarcerated defendant after 90 days from arraignment "unless the delay shall happen as a result of the application or fault of the defendant." Defendant waived arraignment on June 12, 1973, and was brought to trial on September 24, 1973, just 103 days later. The issue is whether as many as 13 of those days are chargeable to the defendant as being the result of his "application or fault."

The trial court, in denying defendant's motion for discharge, found that 23 days' delay should be charged against the defendant, based on the following circumstances:

Defendant's case was set for trial on June 25. On that day, when defendant's case was called on the docket by the assignment judge, defense counsel responded, "Your Honor, we have a motion on file for a psychiatric examination."

There was an initial misunderstanding of defendant's motion, which resulted in his being sent to Larned state hospital briefly. In short order, however, it was determined that competency to stand trial was not in issue, but a proposed insanity defense was. Accordingly, on July 2nd an agreed order was entered calling for defendant's examination by a Wichita psychiatrist on July 5. It directed, among other things, that the doctor's report be furnished to both counsel. That report was dated July 17, and received by counsel on July 18.

The 23 days charged to defendant by the trial court comprised the time between the filing of defendant's motion for psychiatric examination on June 25, and the receipt of the psychiatrist's report on July 18. While the defendant need not demand a trial within the statutory time (*State v. Higby*, 210 Kan. 554, 502 P. 2d 740; *State v. Sanders*, 209 Kan. 231, 495 P. 2d 1023), neither can he complain of delays granted at his request or caused by his own conduct (*State v. Welch*, 212 Kan. 180, 509 P. 2d 1125). Here, the case was set for trial when defendant filed his motion. For him to receive the relief he sought, there must necessarily have been a postponement of the trial date. Had his motion been denied, or had the trial been held before the psychiatric report was received, he would no doubt have lodged a bitter complaint—and with some justification. His motion, therefore, was tantamount to a motion for a continuance until the results of the examination were available. Hence the resulting delay was the result of his "application," and comes within the statutory exception.

Discounting the 23 days, defendant was brought to trial within 80 days of arraignment. Even charging the state with the eight day period from the time his motion was filed on June 25 until it was formally sustained by the order of July 2, he was still brought to trial within 88 days. His motion for discharge was therefore properly overruled, and the judgment is affirmed.

APPROVED BY THE COURT