No. 48,298

STATE OF KANSAS, *Appellee,* v. MICHAEL A. LEWIS, *Appellant.*

(556 P. 2d 888)

Opinion filed November 6, 1976.

*Ernest C. Ballweg,* of Ballweg, Borth & Wilson, of Prairie Village, argued the cause and was on the brief for the appellant.

*Nick A. Tomasic,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by defendant Michael A. Lewis from convictions of rape (K. S. A. 21-3502), aggravated sodomy (K. S. A. 21-3506), two counts of aggravated robbery (K. S. A. 21-3427), and two counts of aggravated battery (K. S. A. 21-3414). At the time these crimes were committed defendant was over sixteen but under eighteen years of age. Because the juvenile court in Wyandotte County waived its jurisdiction, Lewis stood trial as an adult in the district court. Defendant's points on appeal which merit discussion are:

I. Defendant was improperly certified to stand trial as an adult.

II. Defendant was denied a speedy trial.

III. Defendant was incompetent to stand trial.

IV. Defendant was prejudiced by the prosecutor's closing remarks.

## I. Certification as an Adult

While the facts of the crimes are not set forth in the record and are not necessary to dispose of this appeal, it appears defendant was arrested on October 24, 1974, by the Kansas City, Kansas, police. He and two other juveniles over sixteen were charged with the above, and other, offenses. Subsequently, a waiver hearing was held in juvenile court and defendant was certified to stand

trial as an adult pursuant to K. S. A. 1976 Supp. 38-808 *(b)*. Certification was appealed to the district court. In conformity with the statute and our case law, a *de novo* hearing was held. (*In re Templeton*, 202 Kan. 89, 92, 447 P. 2d 158; *In re Long*, 202 Kan. 216, 217, 448 P. 2d 25; K. S. A. 38-834 [c].) After hearing the evidence, the trial judge set forth an extensive set of reasons for rejection of the appeal:

"This case was tried to the court on March 20, 1975, and was taken under advisement. I have now examined the exhibits and reviewed the evidence.

"It is conceded that Michael is over the age of 16 and that the charges against him involve offenses which fall within the classification of delinquent acts under K. S. A. 38-808. Thus the only issue is whether or not Michael would be amenable to the care, treatment and training program available through the facilities of the juvenile court. In order to sustain the waiver of jurisdiction of the juvenile court in this case, the burden is upon the State to show by substantial evidence that Michael is not amenable to such a program through the facilities of the juvenile court.

"Michael's record was introduced showing that he has had a history of difficulty with the law dating back to age 14. At least two of the offenses for which he was found to be a delinquent involved crimes of violence, i. e.; rape and armed robbery. Michael is a drop out from school and the records show that in his last year he had 105 absences out of 180 days of school. Prior efforts at counseling have proved unsuccessful, and efforts were being made to place him in the Kansas State Vocational and Technical School in Topeka when the latest series of offenses were committed.

"Michael was examined by three eminently qualified psychiatrists. Dr. Virgil Harris gave as his opinion that long term, institutional treatment might help Michael, but his opinion was guarded. He did not know of any such facilities available to Michael.

"Both Dr. Burgess and Dr. McKnelly evaluated Michael as an anti-social psychopathic personality with a potential for explosiveness under stress and with little regard for the welfare of others. Both considered him as dangerous and were of the opinion also that any treatment would have to be in an institution. Both ruled out any type of out-patient treatment.

"Most striking of all, both Dr. McKnelly and Dr. Burgess gave as their opinion that in the present state of knowledge, there is no effective, known treatment for a person with the type of pathology such as Michael has, in medicine or psychiatry—anywhere.

"After consideration, it is my opinion that Michael would not be amenable to the care, treatment and training available through the facilities of the Juvenile Court. The appeal from the order of the Juvenile Court relinquishing jurisdiction over Michael for trial of the offenses charged against him is, therefore, overruled."

Defendant launches three attacks against the trial court's judgment. First, he argues he has been prejudiced because a record of the hearing does not exist. The record discloses that a court re-

porter recorded and transcribed the proceedings, but for some reason both the transcript and notes were lost or misplaced. When diligent search failed to uncover the notes, the judge prepared an extensive affidavit from his personal notes. Both the affidavit and his notes are in the record.

While it is true a transcribed record does not exist, we cannot accept appellant's argument. This court has long recognized and approved the use of reconstructed records. (*State v. Jefferson,* 204 Kan. 50, 52, 460 P. 2d 610; *Addington v. State,* 198 Kan. 228, 424 P. 2d 871; *State v. Allen,* 111 Kan. 3, 206 Pac. 340.) The judge's notes cover a substantial portion of the hearing. They appear to cover the essential testimony of all witnesses and the introduction of exhibits. Further, there is no allegation that his affidavit or notes are inaccurate.

Defendant next challenges the trial court's finding that he was not amenable to the juvenile process. While he recognizes that he was charged with an offense against persons, committed in a violent and aggressive manner, defendant insists there was no evidence adduced at the hearing to indicate that juvenile placement was not available or worthwhile.

In order to affirm, this court must find the trial court's decision was supported by substantial evidence. (*State v. Green,* 218 Kan. 438, 443, 544 P. 2d 356; *In re Patterson, Payne & Dyer,* 210 Kan. 245, 250, 499 P. 2d 1131, and cases cited therein.) The record contains abundant evidence to support the trial court's ruling. Defendant had a long history of trouble with the law. He was a school dropout and habitually truant while in school. Prior attempts at counseling had failed. All four witnesses disapproved outpatient-type treatment. Dr. Harris ruled out the Niles Home in Kansas City, Missouri. Dr. Burgess ruled out Osawatomie, Hutchinson and Prairie View as places for appellant. In addition, Dr. Robert A. Haines, of the State Department of Social and Rehabilitation Services, ruled out Larned. Steve Guss, Wyandotte County probation officer, ruled out the Boys Industrial School. The witnesses could not come up with a suggestion for placement within the juvenile system.

The search for a facility need not be endless. As this court said in *State v. Green,* supra:

". . . [S]uch a burden should not be placed on the district courts by counsel who cannot otherwise affirmatively suggest any facilities for his client. Based on the large number of juvenile crimes and the homicide involved in

this case, the probability that available facilities exist for the appellant is very remote.

· · · · · · · · · · · · · ·

". . . [I]t cannot be said the district court must endlessly search for every possible disposition short of waiver.

"K. S. A. 38-808 (b) requires substantial evidence that the juvenile is not amenable to the care, treatment and training programs available *through the facilities of the juvenile court.* It does not simply require a finding the. child is not amenable to care, treatment and training, but refers to the *existing facilities* of the juvenile court. . . ." (p. 445.)

Finally, defendant argues he has been denied equal protection of the laws by virtue of the fact he was tried as an adult while his two cohorts remained in the juvenile system. To support his position he relies on *In re Patterson, Payne & Dyer,* supra, and *State v. Green,* supra. Both cases stand for the proposition that in juvenile cases where multiple youths are involved, each should be considered separately in a waiver proceeding. In *Patterson,* all three youths had been certified by the juvenile court to stand trial as adults. On *de novo* review the district court affirmed the decision. We reversed for further proceedings because both lower courts had failed to consider the boys and their records individually.

In the instant case defendant was certified to stand trial as an adult and the other two participants were dealt with in the juvenile system. It appears our admonition in *Patterson* was followed. Furthermore, counsel for the state informed the court that Michael's companions had no juvenile records prior to the instant offenses. In addition, counsel indicated that Michael was armed with a gun and the other two boys were not armed. Thus, we are disposed to treat this case as we did the case of *State v. Green,* supra.

## II. Speedy Trial

As previously stated, defendant was arrested on October 24, 1974, and juvenile jurisdiction was waived. Arraignment was held in district court on December 20, 1974. A plea of not guilty was entered. Pretrial conference was set for January 6, 1975. On that date defendant's attorney, J. W. Mahoney, made a motion to withdraw as counsel. Defendant also made a motion to determine his competency to stand trial. Both motions were granted. In addition, the judge's minutes indicate the defendant requested the pretrial conference be continued. This was done. The court then appointed Clifford Cohen as defendant's counsel.

On January 29, 1975, defendant's newly appointed counsel ad-

vised the trial court he was filing an appeal on the juvenile court's waiver of jurisdiction. At the time the notice of appeal was filed the defense attorney requested a delay of some thirty days so he could become familiar with the files and prepare the appeal. The hearing on the appeal took place on March 20, 1975. A formal ruling was entered on March 24. On March 25, the district court again set the case for pretrial on April 10, and it was held on that date.

On April 24, 1975, defendant was heard on several motions. Three counts were severed from the present convictions. Investigative fees were provided. A motion to determine competency was denied. Motions to suppress were continued due to unavailability of a material witness.

On April 30, 1975, the case was set for trial. The next day defense counsel requested a continuance because he would be in Ft. Lee, New Jersey, for military training on that date. The trial was specially set for June 23, 1975, and it began on that date, resulting in the convictions from which defendant appeals.

The time from arraignment to trial was 186 days. Defendant contends the trial court erred in not discharging him, as he was denied statutory and constitutional right to a speedy trial.

Defendant was unable to post bond and was incarcerated pending trial. Therefore, under K. S. A. 22-3402 the state was required to bring defendant to trial within ninety days after arraignment unless the time was extended for reasons authorized in the statute. Statutory exemptions from the ninety-day rule include delays which "shall happen as a result of the application or fault of the defendant." This court has assessed time against a defendant for requested continuances (State v. Sherman, 217 Kan. 326, 536 P. 2d 1373; State v. Welch, 212 Kan. 180, 509 P. 2d 1125); for delays caused by obtaining investigators (State v. Brown, 217 Kan. 595, 538 P. 2d 631); for delays in obtaining new trial counsel (State v. Welch, supra, at p. 185; State v. McCollum, 211 Kan. 631, 507 P. 2d 196); and for delays caused by bond forfeitures (State v. Sherman, supra; State v. Welch, supra). In addition to the initial delay, the trial court has been given a reasonable amount of time to re-docket the case, assessing it to the defendant. (State v. Sherman, supra; State v. Welch, supra.)

Defendant first asserted that his right to a speedy trial had been denied when he filed a habeas corpus action on May 23, 1975, approximately 154 days after arraignment. The trial court rejected

his motion, stating a substantial portion of the delay was caused by defendant. After trial, the court computed a time span of 186 days from arraignment to trial, with only 76 days charged against the state.

Defendant submits the trial court erred because it assessed the delay caused by the appeal against him. He argues that for this reason he was forced to forego one right (speedy trial) to exercise another (appeal). While the argument has superficial appeal, it must be rejected. Were defendant allowed to assess his appeal time against the state, he could delay the appeal until 90 days had been charged against the state and go free. For purposes of a juvenile appeal to district court, we deem speedy trial to be waived just as it is waived under K. S. A. 22-3402 (4) when an appeal is taken to this court.

In determining the number of days chargeable to the state, defendant will be assessed for the delay caused by change of counsel, the motion to determine competency, and the appeal from the juvenile court. These had the effect of delaying pretrial from January 6 to April 10, or 94 days. He should also be assessed for the continuance granted when defense counsel was on military training, or 21 days. Our computation of the time chargeable to the state discloses defendant was brought to trial within the time required by K. S. A. 22-3402 (1).

### III. Competency to Stand Trial

Defendant contends he was not competent to stand trial. The record indicates that defendant was examined by order of the trial court and was determined to be competent to stand trial. Defendant offers no evidence to rebut the court's findings other than an assertion that it was difficult for client and counsel to relate to one another. The duties of a trial judge in determining competency are well established in this state (*State v. Holloway,* 219 Kan. 245, 254, 547 P. 2d 741; *Taylor v. State,* 208 Kan. 189, 490 P. 2d 363; *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d 197), and, absent a showing of abuse of discretion, will not be disturbed on appeal (*State v. Hamrick,* 206 Kan. 543, 479 P. 2d 854; *Van Dusen v. State,* supra).

### IV. Closing Arguments

Finally, defendant asserts he has been prejudiced because of a comment made by the prosecutor in closing arguments. The district attorney referred to defendant as a "poor little sixteen year-

old juvenile or animal." While this court has historically allowed wide latitude in comments of counsel, it has been recognized that on occasion comments may be so gross and flagrant as to deny an accused a fair trial and require reversal. (*State v. Crowley,* 220 Kan. 532, 536, 552 P. 2d 971, and cases cited therein.) While the comment made here is certainly not one which this court condones, it does not require reversal. There was no objection of counsel and no request for an admonition. (*State v. Fleury,* 203 Kan. 888, 457 P. 2d 44.) The trial court did instruct the jury that remarks of counsel were not evidence and should not be so considered.

Other points of error not presented in defendant's brief are waived.

The judgment is affirmed.