No. 49,329

STATE OF KANSAS, *Appellee,* v. THERELL BRIGHT WARREN, *Appellant.*

(580 P.2d 1336)

Opinion filed July 15, 1978.

*Michael S. Sizemore,* of Speir, Stroberg & Sizemore, of Newton, argued the cause and was on the brief for the appellant.

*James W. Modrall,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal by the defendant, Therell Bright Warren, from his conviction of aggravated kidnapping, K.S.A. 21-3421, and his subsequent sentence of life imprisonment.

The determinative issue is whether the trial court erred in failing to discharge the defendant upon his motion pursuant to K.S.A. 1977 Supp. 22-3402, because the defendant did not receive a speedy trial.

The dates pertinent to this decision are as follows: The offense was committed on the evening of June 30, 1976. Warren was arrested on the following day. He was arraigned before the district judge on August 26, 1976. Counsel was appointed; a plea of not guilty was entered; and the defendant requested a jury trial.

On September 8, on defendant's motion, the court ordered him committed for a psychiatric examination in order to determine his competency to stand trial pursuant to K.S.A. 1977 Supp. 22-3302. Defendant filed a notice that he would rely on the defense of insanity.

Defendant was examined at the Hertzler Clinic, and a final report of the psychiatrist (in which he concluded that Warren was competent to stand trial), was delivered to the court on October 7. Nothing further occurred until December 6, when the defendant asked that he be examined at the Topeka State Hospital for the purpose of determining his sanity at the time the offense was committed. Under order of the court the defendant was taken to the Topeka State Hospital on December 8; he was returned to Harvey County on that same date. He was again taken to the Topeka State Hospital on December 21, and was returned to Harvey County on the following day. The final report from Topeka State Hospital dated January 7, 1977, was received by the district judge on January 8 or January 10, 1977. On February 2, appointed counsel withdrew and Michael S. Sizemore was appointed to represent the defendant. Mr. Sizemore asked that the matter be continued until February 14, 1977. On that date, the opening day of the February term, the defendant requested a jury trial. On April 8, counsel were notified that a pretrial conference was scheduled for April 13. Mr. Sizemore had a conflict, so he requested that the matter be set over until the week of April 18. Pretrial was held on May 9. On May 12, defendant moved for a dismissal for want of a speedy trial in violation of K.S.A. 1977 Supp. 22-3402. The motion was denied on May 17, and trial commenced June 7, 1977.

K.S.A. 1977 Supp. 22-3402 provides in part as follows:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

"(a) The defendant is incompetent to stand trial;

"(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section;

"(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety (90) days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety (90) days, and the trial is commenced within one hundred twenty (120) days from the original trial date;

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground."

Warren was in custody for 285 days from the date of arraignment until the commencement of trial. During that time, the defendant may properly be charged with causing or consenting to delay from September 8 to October 7, a total of 29 days, for the purpose of a competency examination; from December 6, 1976 to January 10, 1977, a total of 35 days, for the purpose of a further psychiatric examination; from February 2 to February 14, 1977, a period of 12 days, a continuance at the request of counsel; and from April 13 to April 18, 1977, a period of 5 days, at the request of counsel. Thus a total of 81 days is chargeable to the defendant.

Delays which are the result of the application or the fault of the defendant are not to be counted in computing the statutory period. *State v. Powell,* 215 Kan. 624, 527 P.2d 1063 (1974); *State v. Pendergrass,* 215 Kan. 806, 528 P.2d 1190 (1974); *State v. Sherman,* 217 Kan. 326, 536 P.2d 1373 (1974); *State v. Lewis,* 220 Kan. 791, 556 P.2d 888 (1976); *State v. McClain,* 224 Kan. 464, 580 P.2d 1334 (1978).

It is the obligation of the state, and not of the defendant, to see that an accused who is in custody is provided with a speedy trial in conformity with both the constitutional and the statutory mandates. A defendant has no duty to bring himself to trial; that duty rests upon the state. *State v. Fink,* 217 Kan. 671, 679, 538 P.2d 1390 (1975); *State v. Lewis,* 220 Kan. 791, 556 P.2d 888 (1976); and *State v. Pierson,* 222 Kan. 498, 502, 565 P.2d 270 (1977). Here, so far as the record before us discloses, the state made no effort to bring the defendant to trial within the 90-day period prescribed by law. Under the legislative mandate, the defendant is "entitled to be discharged from further liability to be tried for the crime charged . . ."

The state contends, first, that all of the delay from September 8,

1976, to the present day is of the defendant's own making because he moved for a psychiatric examination for the purpose of determining his competency, and thereafter failed to secure a judicial determination of the question. This argument deserves little discussion. The competency report was received on October 7, 1976. Defendant was not obliged to pursue the matter further, and to seek a judicial determination of his competency. As we held in *State v. Powell,* 215 Kan. 624, 527 P.2d 1063 (1974), the time between the filing of a motion for a psychiatric examination and the date on which the psychiatrist's report is received are properly chargeable against the defendant. Although *Powell* involved a psychiatric examination in connection with a proposed insanity defense and not an examinaton to determine competency, the principle is the same. The state, and not the defendant, has the obligation to proceed.

Finally, the state contends that K.S.A. 1977 Supp. 22-3402 is unconstitutional in that it constitutes a legislative encroachment on the judiciary and violates the separation of powers doctrine. The sole support for this contention is *United States v. Howard,* 440 F. Supp. 1106 (1977), wherein a federal district judge held the federal speedy trial act, 18 U.S.C.A. § 3161, *et seq.,* unconstitutional on that ground. *Howard* has not been followed in any subsequent state or federal jurisdiction, and we do not find its rationale persuasive. The purpose of the statute is to implement and define the constitutional guarantee of a speedy trial, as we observed in *State v. Sanders,* 209 Kan. 231, 233, 495 P.2d 1023 (1972); *State v. Lewis,* supra; and *State v. Pendergrass,* supra. We find no constitutional transgression in the statute.

Where the state fails to bring the accused to trial within the time limits fixed by statute, and where the delay is not due to the application or fault of the defendant, or to extensions of time as provided in K.S.A. 1977 Supp. 22-3402(3), we have not hesitated to enforce the legislative mandate and order the defendant discharged. *State v. Cox,* 215 Kan. 803, 528 P.2d 1226 (1974); *State v. Sanders,* supra.

Under the statute, the state had 90 days in which to bring this defendant to trial. Excluding days charged to the defendant, the 90-day period expired on February 2, 1977. The state kept the defendant in custody for over twice the 90 days allowable, before trial commenced on June 7, 1977.

The state made no effort to comply with the statute. The court's trial docket is not shown to have been crowded. The state could have complied with the statute, had it desired to do so.

The judgment is reversed with directions to discharge the defendant.