No. 49,415

State of Kansas, *Appellee,* v. Edward J. McClain, *Appellant.*

(580 P.2d 1334)

Opinion filed July 15, 1978.

*Albert E. Grauberger,* of Kansas City, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Nick A. Tomasic,* district attorney, and *Thomas L. Boeding,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The defendant Edward J. McClain was convicted by a jury of two counts of aggravated robbery (K.S.A. 21-3427). On appeal he raises two points of error.

He contends the state failed to bring him to trial within ninety days as required by K.S.A. 22-3402. Defendant's original trial began on April 19, 1977. On failure of the jury to agree on a verdict a mistrial was declared on April 21, 1977. Defendant remained in jail in default of bond. Ninety-six days later the defendant was brought to trial a second time and the trial resulted in a conviction from which he appeals.

K.S.A. 1977 Supp. 22-3402 in pertinent part provides:

"(1)  If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, *unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(4)   In the event a mistrial is declared or a conviction is reversed on appeal to the supreme court or court of appeals, the time limitations provided for herein shall commence to run from the date the mistrial is declared or the date the mandate of the supreme court or court of appeals is filed in the district court." (Emphasis supplied.)

Under the statute above quoted in the event a mistrial is declared the computation of time chargeable to the state and the time limitations imposed to afford the defendant a speedy trial under K.S.A. 1977 Supp. 22-3402 commence to run from the date the mistrial is declared.

Delays which are the result of the application or the fault of the defendant are not to be counted in computing the statutory period. (*State v. Powell,* 215 Kan. 624, 527 P.2d 1063 [1974]; *State v. Pendergrass,* 215 Kan. 806, 528 P.2d 1190 [1974]; *State v. Sherman,* 217 Kan. 326, 536 P.2d 1373 [1974]; *State v. Lewis,* 220 Kan. 791, 556 P.2d 888 [1976].)

Defendant's attorney at the original trial was granted permission to withdraw as counsel before the second trial began. Two more attorneys were appointed at different times and each withdrew from the case because of disagreements with the defendant before present counsel was appointed. After the first trial defendant's newly appointed counsel applied for permission and was authorized to obtain a transcript of the proceedings at the first trial. Twenty-three days elapsed before the transcript could be prepared and delivered. This delay together with the delays caused by defendant in requesting changes of counsel cannot be charged to the state. Less than 73 days can be charged to the state. Therefore the point is without merit.

Defendant's final point concerns an allegation that the jury considered evidence not admitted during the trial. The evidence referred to was a letter written by defendant to a federal district judge complaining that one of his previous attorneys failed to represent him in a satisfactory manner. The letter had been used by defendant in support of a motion for acquittal because of the alleged denial of a speedy trial. The motion was denied by the trial court but the letter inadvertently was placed with other exhibits introduced at the trial. When the trial exhibits were requested by and delivered to the jury this letter accompanied the trial exhibits.

The letter was not admitted in evidence at the trial. It was not relevant to the guilt or innocence of the defendant. The dissatisfaction expressed in the letter did not relate to the attorney who represented defendant at trial. We conclude the prejudice, if any, to the defendant was harmless beyond a reasonable doubt. See K.S.A. 60-261 and K.S.A. 60-2105.

Judgment affirmed.