(581 P.2d 1195)

No. 49,586

STATE OF KANSAS, *Appellee,* v. RUFUS E. BOLDEN, *Appellant.*

No. 49,723

In the Interest of RUFUS EDWARD BOLDEN, a Minor.

Opinion filed July 28, 1978.

Opinion filed July 28, 1978.

*Hugh R. McCullough* and *Randall K. Rathbun,* of Topeka, for the appellant.

No appearances for the appellee in case No. 49,586.

*Muriel Andreopoulos,* assistant district attorney, *Curt T. Schneider,* Attorney General, and *Nick A. Tomasic,* district attorney, for the appellee in case No. 49,723.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: These consolidated appeals concern one Rufus Edward Bolden, also known as Rufus E. Bolden, who was charged in 1976 with an act of juvenile delinquency in Wyandotte County. An adjudication of delinquency was entered in that case on August 12, 1976. He exercised his right to appeal the adjudication of delinquency to the district court pursuant to K.S.A. 1977 Supp. 38-834(*b*). Subsequent to the adjudication, he was committed to the custody of the State Department of Social and Rehabilitation Services. He was placed in the Youth Center in Topeka.

The defendant was late in returning to the Youth Center from his 1976 Christmas leave. On two additional occasions, he was absent without leave from the Center. These events resulted in the filing of charges of aggravated juvenile delinquency under K.S.A. 1977 Supp. 21-3611($f$). On September 7, 1977, he was convicted by a Shawnee County jury on these charges, which constitute a Class E felony. He was sentenced to one to five years pursuant to K.S.A. 21-4501($e$), which he is presently serving in the Kansas State Industrial Reformatory.

During the time that the events described in the preceding paragraph were taking place, the defendant's appeal to the district court appears to have been almost forgotten. His appeal remained pending until it was dismissed on the motion of the State on December 1, 1977.

The trial court's decision to dismiss the defendant's appeal was based on mootness. The court reasoned that the defendant's appeal was moot because he was no longer confined at the Youth Center on the delinquency charge; instead, he was incarcerated at the Kansas State Industrial Reformatory for a felony conviction.

On appeal, the defendant challenges the Wyandotte County court's dismissal of his appeal and the Shawnee County conviction of aggravated juvenile delinquency.

Considering first the dismissal of the defendant's appeal for mootness, a review of case law clearly shows the error of the trial court's reasoning. Although a reversal of the delinquency adjudication would certainly not affect the validity of the sentence the defendant is presently serving, for the fact that one who is serving -a sentence which was unjustly imposed does not serve as justification for escape (*Crawford v. Taylor,* 290 F.2d 197 [10th Cir. 1961]), the question of the propriety of the delinquency adjudication is not moot. The United States Supreme Court has held that a criminal conviction does not become moot by virtue of the fact that the defendant is no longer serving the sentence, recognizing that a criminal conviction may entail many collateral legal disadvantages in the future which might substantially affect an individual's life. *Pollard v. United States,* 352 U.S. 354, 1 L.Ed.2d 393, 77 S.Ct. 481 (1957).

The State argues that this principle is inapplicable to an adjudication of delinquency because no legal disabilities attach to a

juvenile conviction. While it is true that K.S.A. 1977 Supp. 38-805 provides that juvenile records are to be closed in all except very limited circumstances, a review of Kansas cases shows that a juvenile's record has been held to be subject to public scrutiny for a variety of reasons. First, the State's interest in protecting juvenile records must yield to a defendant's right to effectively cross-examine witnesses against him. *State v. Wilkins,* 215 Kan. 145, 523 P.2d 728 (1974); *State v. Ralls,* 213 Kan. 249, 515 P.2d 1205 (1973). It has also been held that a juvenile's record is admissible to impeach a non-defendant witness under K.S.A. 60-421. *State v. Deffenbaugh,* 217 Kan. 469, 536 P.2d 1030 (1975). A juvenile's prior record and history is one of the prime factors that a court must consider in determining whether to certify a child to be tried as an adult pursuant to K.S.A. 1977 Supp. 38-808. *In re Ferris,* 222 Kan. 104, 563 P.2d 1046 (1977); *State v. Lewis,* 220 Kan. 791, 556 P.2d 888 (1976).

The cases discussed above provide a sufficient showing that a juvenile's record may indeed have collateral legal effects in the juvenile's future life, and we cannot accept the trial court's determination that the defendant's appeal was moot. The dismissal is reversed and the case is remanded with directions to conduct a trial de novo in district court pursuant to K.S.A. 1977 Supp. 38-834(*b*).

We now turn to the defendant's allegation that the Shawnee County trial court erred in refusing to instruct the jury on duress or compulsion as a defense to the aggravated juvenile delinquency charge which arose out of his three attempts to escape from the Youth Center. Duress or compulsion as a defense has been codified in K.S.A. 21-3209(1), set out below:

"(1)  A person is not guilty of a crime other than murder or voluntary manslaughter by reason of conduct which he performs under the compulsion or threat of the imminent infliction of death or great bodily harm, if he reasonably believes that death or great bodily harm will be inflicted upon him or upon his spouse, parent, child, brother or sister if he does not perform such conduct."

At the trial on the matter, the defendant did not attempt to refute the fact that he had left the Youth Center without permission on three occasions. Instead, he attempted to present a defense of duress based on his fear of drugs that were administered to him as a part of a rehabilitation program.

The defendant presented evidence that the drugs he had been

taking caused him to slobber on himself and be tongue-tied. He testified that he was afraid he would become addicted. There was also evidence that neither he nor his legal guardian ever consented to the Youth Center's plan to give him the drugs. At the time that he made his third escape, he was not taking drugs, but testified that he labored under the fear that the drug treatment would be resumed the next day.

The defendant is entitled to have the jury instructed on his theory of defense insofar as it is supported by any competent evidence. *State v. Einhorn*, 213 Kan. 271, 274, 515 P.2d 1036 (1973). Thus, the question on appeal is whether the defendant's evidence that he was acting under a reasonable belief of death or great bodily harm was sufficient to go to the jury. We think not. Taking the defendant's testimony in its best light, it merely shows that he did not wish to be subjected to drug treatment; that neither he nor his guardian had consented; that the treatment was scheduled to be resumed in the near future; and that the defendant was afraid and ran away before he was to receive treatment on the following Monday. This is not sufficient to prove that the defendant reasonably believed that death or great bodily harm would occur if he did not run away.

We do not find the line of cases cited by the defendant concerning escape to avoid homosexual rape by other inmates to be convincing as an analogy. See *People v. Lovercamp*, 43 Cal. App. 3d 823, 118 Cal. Rptr. 110 (1974); *People v. Hocquard*, 64 Mich. App. 331, 236 N.W.2d 72 (1975); *People v. Harmon*, 53 Mich. App. 482, 220 N.W.2d 212 (1974), aff'd. 394 Mich. 625, 232 N.W.2d 187 (1975).

It was not error to refuse to instruct on compulsion or duress as a defense under K.S.A. 21-3209(1) on these facts. Judgment is affirmed in case No. 49,586.