No. 93,640

STATE OF KANSAS, *Appellee*, v. CHARLES ADAMS, *Appellant*.
(153 P.3d 512)

Opinion filed March 16, 2007.

*Michelle A. Davis*, of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellant.

*Tony Cruz*, assistant county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

ROSEN, J.: Charles Adams petitioned this court to review the Court of Appeals' opinion, which affirmed his convictions for possession of cocaine, conspiracy to sell cocaine, attempted sale of cocaine, possession of hydromorphone, possession of drug paraphernalia for selling drugs, possession of marijuana, and possession

of paraphernalia for ingesting drugs. We granted Adams' petition for review on the limited issue of his sentence. However, we do not reach Adams' sentencing issue because his convictions must be reversed due to the violation of his statutory right to a speedy trial. Because the facts leading up to Adams' arrest are unnecessary for resolving the issue, we will limit the recitation of the facts to those applicable to his speedy trial issue.

The State charged Adams with possession of cocaine, conspiracy to sell cocaine, attempted sale of cocaine, possession of hydromorphone, possession of drug paraphernalia for selling or distributing drugs, possession of marijuana, and possession of drug paraphernalia for using drugs. Adams' first trial began on January 27, 2004, and ended in a mistrial on the same day. The district court scheduled Adams' new trial to begin on March 5, 2004, and reinstated his bond. Because the district court set the trial on March 5, 2004, as a third priority, it had to reschedule the trial again for May 25, 2004.

On May 21, 2004, the prosecutor contacted the district court judge and expressed his concern that Adams would not appear for trial because officers planned to serve him with an arrest warrant on other charges. The district court judge contacted Adams' defense counsel, who advised the court that Adams would appear as scheduled, regardless of the outstanding arrest warrant. Nevertheless, the district court cancelled Adams' jury trial and set the matter for a status conference if Adams appeared.

Adams appeared with his defense counsel as scheduled on May 25, 2004. At the status conference, the district court attempted to schedule Adams' trial date on July 7, 2004, with a third priority setting. However, when the prosecutor indicated a conflict with that date, the district court offered to set the matter as a first priority on August 17, 2004. Adams' defense counsel had another trial scheduled on that day, so the court set Adams' trial to begin on August 18, 2004.

Immediately before Adams' trial on August 18, 2004, Adams' defense counsel moved for dismissal based on a violation of Adams' statutory right to a speedy trial. The State argued that Adams acquiesced to continuing the trial to August 18, 2004. The State also

argued that Adams had caused the delay by committing the additional crimes that led to the arrest warrant. After listening to a recording of the proceedings on May 25, 2004, and the arguments of counsel, the district court denied Adams' motion.

A jury convicted Adams of possession of cocaine, conspiracy to sell cocaine, attempted sale of cocaine, possession of hydromorphone, possession of marijuana, and two counts of possession of drug paraphernalia. The district court sentenced Adams to a total term of 99 months in prison. The Court of Appeals reversed the attempted sale of cocaine conviction and affirmed Adams' other convictions and sentences. *State v. Adams*, 35 Kan. App. 2d 439, 131 P.3d 556 (2006). The matter is before us on Adams' petition for review.

Although Adams raised the statutory speedy trial issue before the district court, his appellate counsel failed to raise the issue on appeal. Appellate courts do not ordinarily consider issues that are not raised by the parties. However, we have the power to address such issues in exceptional circumstances, where the consideration of the issue is necessary to serve the ends of justice or prevent the denial of fundamental rights. *State v. Puckett*, 230 Kan. 596, 600-01, 640 P.2d 1198 (1982) (affirming the Court of Appeals' *sua sponte* reversal of seven fraud convictions because the elements instructions were defective); see also *State v. Washington*, 275 Kan. 644, 677-80, 68 P.3d 134 (2003) (considering *sua sponte* the effectiveness of defense counsel at sentencing, vacating defendant's sentence, and remanding for resentencing); *State v. Frazier*, 248 Kan. 963, 973-74, 811 P.2d 1240 (1991) (reversing defendant's conviction *sua sponte* because the defendant was a juvenile and the district court did not have jurisdiction); *State v. Jones*, 11 Kan. App. 2d 612, 613, 616, 731 P.2d 881 (1987) (finding K.S.A. 21-3734[1][c] unconstitutional even though the defendant did not raise the issue). An appellate court should allow the parties an opportunity to brief the issue before the court decides the case. This may be done by requiring the filing of supplemental briefs or by setting the case for reargument. 230 Kan. at 601.

Because Adams raised the statutory speedy trial issue before the district court and the resolution of this issue serves the ends of

justice by reversing Adams' convictions and vacating his sentences, we believe this case presents the exceptional circumstances necessary for raising the statutory speedy trial issue *sua sponte*. In addition to impacting Adams' incarceration and criminal history, the resolution of the issue at this point serves the ends of justice by promoting judicial economy. If we had refused to address the issue, Adams would be forced to file a K.S.A. 60-1507 motion on the grounds of ineffective assistance of appellate counsel, thereby requiring the additional use of judicial resources. Addressing the issue now also serves the ends of justice by preventing the denial of Adams' statutory right to a speedy trial. While we stress that it is not our role to search for errors on behalf of litigants, we note that the speedy trial error in this case was inherently obvious from a cursory reading of the record. We further note that we had provided the parties with an opportunity to address this issue at oral argument and through supplemental briefs.

Resolution of a statutory speedy trial issue is a question of law subject to de novo review. *State v. McGee*, 280 Kan. 890, 891-92, 126 P.3d 1110 (2006). K.S.A. 2006 Supp. 22-3402 establishes a statutory right to a speedy trial, providing, in pertinent part:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (5).

. . . .

"(5) The time for trial may be extended beyond the limitations of subsections (1) and (2) for any of the following reasons:

(a) The defendant is incompetent to stand trial. If the defendant is subsequently found to be competent to stand trial, the trial shall be scheduled within 90 days of such finding;

(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section. If the defendant is subsequently found to be competent to stand trial, the trial shall be scheduled within 90 days of such finding;

(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next

succeeding 90 days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than 90 days, and the trial is commenced within 120 days from the original trial date;

(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than 30 days may be ordered upon this ground.

"(6) In the event a mistrial is declared or a conviction is reversed on appeal to the supreme court or court of appeals, the time limitations provided for herein shall commence to run from the date the mistrial is declared or the date the mandate of the supreme court or court of appeals is filed in the district court."

A defendant who is not in custody solely for the crime charged is entitled to be brought to trial within 180 days after arraignment. *State v. Abel*, 261 Kan. 331, 335, 932 P.2d 952 (1997). The State bears the responsibility for ensuring that the accused is provided with a speedy trial in accordance with K.S.A. 2006 Supp. 22-3402. The defendant is not required to take any affirmative action to ensure that his or her right to a speedy trial is observed. *State v. White*, 275 Kan. 580, 598, 67 P.3d 138 (2003). However, a defendant waives his or her statutory right to a speedy trial by requesting or acquiescing in the granting of a continuance. Defense counsel's actions are attributable to the defendant in calculating speedy trial violations. *State v. Bloom*, 273 Kan. 291, 310, 44 P.3d 305 (2002).

Adams' first trial ended in a mistrial on January 27, 2004. Pursuant to K.S.A. 2006 Supp. 22-3402(2) and (6), Adams' statutory speedy trial period ended on July 26, 2004. Adams' trial began on August 18, 2004, 23 days after his statutory speedy trial period ended.

The State contends that Adams waived his right to a speedy trial by acquiescing to the continuance until August 18, 2004. However, this argument is not supported by the record. Neither the State nor Adams filed a motion to continue. The State initiated the cancellation of Adams' jury trial on May 25, 2004, by advising the district court of its assumption that Adams would not appear due to an outstanding arrest warrant. Although Adams' defense counsel advised the court that Adams would appear, the district court can-

celled the trial based on the State's assumption that Adams would not appear. When Adams appeared as scheduled on May 25, 2004, the court provided two dates for trial. The first date was July 7, 2004. The State advised the court of a conflict on that date, so the court offered to set Adams' trial for August 17, 2004. Because Adams' defense counsel had another trial scheduled for August 17, 2004, the district court set Adams' trial as the first priority case on August 18, 2004. The State did not request an earlier setting, and Adams' defense counsel did not object to starting the trial on August 18, 2004. Although Adams' defense counsel accepted the August 18, 2004, trial setting, his acceptance is neither an acquiescence to a continuance nor the equivalent of a waiver of Adams' statutory right to a speedy trial. The State, not Adams, was responsible for ensuring that Adams was tried before the statutory speedy trial deadline expired. See *White*, 275 Kan. at 598.

Next, the State argues that Adams failed to assert his right to a speedy trial when defense counsel did not object to the August trial setting. The State relies on *State v. Fitch*, 249 Kan. 562, 819 P.2d 1225 (1991), and *State v. Sherman*, 217 Kan. 326, 536 P.2d 1373 (1974), for the proposition that Adams' failure to object to the trial setting waived his statutory right to a speedy trial. However, *Fitch* and *Sherman* do not support the State's proposition. *Fitch* involved a constitutional speedy trial analysis rather than a statutory speedy trial analysis. 249 Kan. at 563. *Sherman* involved a delay resulting from the defendant's requests for continuances and failure to appear. 217 Kan. at 329. In this case, Adams did not request a continuance or fail to appear. We find no merit in the State's argument, which would require us to abrogate the longstanding rule that defendants are not required to take any affirmative action to enforce their statutory right to a speedy trial.

Finally, the State asserts that Adams was not prejudiced by the delay. However, this argument fails to consider the language of K.S.A. 2006 Supp. 22-3402(2), which mandates a trial within 180 days without considering whether the defendant is prejudiced by any delay longer than 180 days. Thus, we cannot attribute the delay from May 25, 2004, to August 18, 2004, to Adams, regardless of whether Adams was prejudiced by the delay.

K.S.A. 2006 Supp. 22-3402(2) requires an accused on bond to be tried within 180 days. The 180-day period for Adams expired on July 26, 2004. The State failed to perform its statutory duty to bring Adams to trial by July 26, 2004. Accordingly, we reverse all of Adams' convictions, vacate his sentences, and dismiss the charges against him.

ALLEGRUCCI, J., not participating.

LOCKETT, J., Retired, assigned.