(663 P.2d 668)

No. 54,984

STATE OF KANSAS, *Appellee,* v. CALVIN STRONG, *Appellant.*

590

Opinion filed May 19, 1983.

*Michael L. Harris,* of Topeka, for appellant.

*Sue Carpenter,* assistant district attorney; *Gene M. Olander,* district attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before ABBOTT, P.J., PARKS and MEYER, JJ.

MEYER, J.: This is a direct appeal from a conviction of attempted aggravated burglary (K.S.A. 21-3301 and 21-3716).

Appellant Calvin Strong (defendant) was arraigned on the charges from which the *instant conviction stems* on December 18, 1981. On January 28, 1982, a trial was set for February 11, 1982.

Defendant was incarcerated on various charges in addition to the instant one; these included criminal trespass, battery, burglary, theft, criminal damage to property, and rape. He was convicted on the rape charges on February 5, 1982, was remanded into custody pending sentencing, and was sentenced and retained in custody on such charge on June 18, 1982.

On February 9, 1982, defendant requested that his court-appointed attorney be allowed to withdraw, so that he might obtain private counsel. This request was granted. Defendant also made a motion for continuance, to allow him time to obtain private counsel. This motion was sustained and a trial date was set for July 1, 1982. At the hearing on February 9, 1982, the court informed defendant that if he demanded a continuance, his case could not be reset before July 1, 1982. Defendant did not specifically waive his right to a speedy trial, but he did acknowledge his understanding that any delay occasioned by his request for a continuance would not apply to the determination of whether he had been afforded a speedy trial. At all times during the proceedings of February 9, 1982, the State maintained that it was prepared to go to trial on the date originally set, February 11, 1982.

Defendant was unable to retain private counsel, so on March 11, 1982, Michael L. Harris, assistant district defender, was appointed to represent him. On June 17, 1982, defendant filed his motion to dismiss the charges herein, based on speedy trial grounds. Defendant was sentenced on the rape conviction on June 18, 1982, but he had been in custody since February 5, 1982, pending such sentencing.

Defendant's motion to dismiss was heard on July 1, 1982; the motion was overruled. Trial was held beginning on July 12, 1982; on July 14, 1982, the jury returned a verdict of guilty on the charge of attempted aggravated burglary.

On August 20, 1982, defendant was sentenced to a term of 3 to 10 years on the instant conviction, this term to run consecutively with that imposed on his rape conviction.

The sole issue on appeal is whether the trial court erred in denying defendant's motion to dismiss based on lack of a speedy trial.

Defendant raises two points under his issue herein; each will be discussed separately.

*A. Whether the 90-day period of K.S.A. 22-3402(1) or the 180-day period of K.S.A. 22-3402(2) applies in determining defendant's right to a speedy trial.*

Every person accused of a crime is presumed innocent until proven guilty. Such accused persons have a constitutional right to a speedy trial to determine their guilt or innocence. This right is secured by the Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment (see *Klopfer v. North Carolina,* 386 U.S. 213, 226, 18 L.Ed.2d 1, 87 S.Ct. 988 [1967]), as well as by Section 10 of the Bill of Rights of the Kansas Constitution (see *State v. Otero,* 210 Kan. 530, Syl. ¶ 1, 502 P.2d 763 [1972]). It has been described as one of the most basic and inviolable rights preserved by our Constitution. *State v. Otero,* 210 Kan. at 531.

Kansas has adopted a statute designed to define and implement these constitutional guarantees to a speedy trial. See *State v. Pendergrass,* 215 Kan. 806, Syl. ¶ 1, 528 P.2d 1190 (1974). This statute is found at K.S.A. 22-3402, and provides in pertinent part:

"(1) If any person charged with a crime and held in jail *solely by reason thereof* shall not be brought to trial within ninety (90) days after such person's arraign-

ment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(2) If any person charged with a crime and *held to answer on an appearance bond* shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)." (Emphasis added.)

The provisions of the statute have passed constitutional muster before the highest court of this state. See *State v. Henry,* 219 Kan. 310, 311, 548 P.2d 808 (1976).

Defendant maintains that the 90-day period prescribed by subsection (1) is applicable to him, by virtue of the fact that he was held in custody "solely by reason" of the charges involved in this appeal. The State contends that the 180-day period of subsection (2) applies, because defendant was being held not "solely by reason" of the instant charge, but also by reason of numerous other pending charges, and was further in custody on a previous conviction, awaiting sentencing.

In the case of *State v. Sanders,* 224 Kan. 138, 140, 578 P.2d 702 (1978), the court held:

"One who is in custody, serving one or more sentences, is not being held 'solely' by reason of a pending charge, and it is not required that trial on the pending charge be commenced within the 90-day period specified by the statute. However, such person is entitled to a speedy trial; that right is guaranteed by §10 of the Bill of Rights."

This holding was reaffirmed in *State v. McCowan,* 226 Kan. 752, 758, 602 P.2d 1363 (1979), *cert. denied* 449 U.S. 844 (1980).

It appears that the defendants in *Sanders* and *McCowan* were serving prior sentences at the time of their arraignments on subsequent charges which became the basis for their respective appeals. In that respect, the instant case differs from them factually. However, the rule and reasoning of those cases govern in the situation existing in the case at bar.

Defendant herein was not incarcerated "solely by reason" of the charges involved in this appeal. There were numerous other charges pending against him. Also, during the period between his arraignment and his trial, he was convicted of a felony and was in custody pending his eventual sentencing pursuant thereto. He never sought release from custody pursuant to K.S.A.

22-2804, and was eventually sentenced on that conviction prior to his trial on the instant charges. And after being sentenced on the rape conviction, defendant never asserted his right to a speedy trial through the vehicle of the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq.*

Thus, the 90-day period of K.S.A. 22-3402(1) does not apply in this case. Neither, however, does the 180-day period of K.S.A. 22-3402(2) apply, for that section deals specifically with persons released from custody pending trial, subject to an appearance bond. Therefore, being neither in custody "solely by reason" of the instant charges, nor at liberty subject to an appearance bond, whether defendant's right to a speedy trial has been denied is not determined by K.S.A. 22-3402. Rather, being outside the scope of that statute, that right amounts to no more than a right to trial within a "reasonable" time. The issue then becomes whether his trial was brought within a "reasonable" time. This is because the constitutional right to a speedy trial is not established by any fixed inflexible rule, but must be determined on an ad hoc basis, considering all the circumstances of each individual case. *State v. Otero*, 210 Kan. at 532.

The court in *State v. Stanphill*, 206 Kan. 612, 615-616, 481 P.2d 998 (1971), had occasion to compare and contrast the constitutional right to a speedy trial in the abstract vis-a-vis that right as implemented by legislation. The court spoke on that subject as follows:

"A constitutional right is not to be limited or denied simply because of the lack of implementing legislation. In a number of cases we have said that the right to speedy trial provided for in our state constitution is legislatively defined by the various statutes enacted to supplement the general language of the Constitution and render the constitutional guarantee effective. . . .

"While the passage of the statutory period established in these legislative enactments must be treated as conclusive of undue delay if all other conditions are met, the constitutional right must be preserved and kept distinct in those situations not specifically covered by statute. Judge Skelly Wright, in his concurring opinion in *Nickens v. United States*, 323 F.2d 808 (D.C. Cir. 1963), referred to delay in the criminal process before the filing of charges and said:

" 'The legislature is free to implement the constitutional right and to provide protections greater than the constitutional right. But the minimum right of the accused to speedy trial is preserved by the command of the Sixth Amendment, whatever the terms of the statute. And that minimum right is measured by a flexible standard which takes account of all the circumstances.' (p. 813.)"

The United States Supreme Court, in *Barker v. Wingo*, 407

U.S. 514, 530, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), adopted a balancing test to determine whether an accused's right to a speedy trial had been denied. The gist of this test is a comparison of the conduct of the prosecution vis-a-vis that of the defense. In making such a comparison, certain factors should be considered; these were listed by the court and their manner of application was described, as follows:

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530.

The court went on to state that each case must be judged on its own facts and circumstances, and that the mere passage of time, without a showing of prejudice, was not a per se denial of the right to a speedy trial, but that a long delay triggers the examination of the other factors enumerated. This rule and rationale has also been adopted in Kansas case law.

"The determination of a constitutional violation of the right to speedy trial depends upon the facts and circumstances of each case; the mere passage of time alone is not determinative."

"*Barker v. Wingo*, 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), adopts a test of balancing the action or inaction of the State with that of the accused. Four relevant factors are identified: length of the delay; the defendant's assertion of his right to speedy trial; the reason for the delay; and prejudice resulting to the defendant." *State v. Wilson*, 227 Kan. 619, Syl. ¶¶ 1, 2, 608 P.2d 1344 (1980).

This is the test which should be applied herein. But before it can be so applied, one must first determine the length of delay suffered by defendant. In order to determine same, it is necessary to first decide how much of the time elapsing between defendant's arraignment and his trial is a "result of [his] application or fault." This is the subject of the next sub-issue; discussion of that sub-issue follows.

*B. How much of the time elapsing between his arraignment and trial is attributable to "the application or fault of defendant?"*

It is well established that the burden of bringing an accused to trial within the allotted time is entirely on the State. A defendant is not required to take any affirmative action to see that his right is observed. *State v. Williams*, 187 Kan. 629, 635, 360 P.2d 11

(1961). However, in computing the amount of time elapsing between arraignment and trial, those delays which are caused by the "application or fault" of the accused are not to be counted. See K.S.A. 22-3402(1) and (2) and *State v. Powell*, 215 Kan. 624, Syl. ¶ 1, 527 P.2d 1063 (1974). As a corollary to the "application or fault" rule, an accused may waive his right to a speedy trial by his conduct, such as requesting, or even acquiescing in, the grant of a continuance. See *State v. Porter, Green & Smith*, 228 Kan. 345, Syl. ¶ 6, 615 P.2d 146 (1980).

The amount of time which elapsed between defendant's arraignment (December 18, 1981) and his trial (begun July 12, 1982) was a total of 206 days. This period, standing alone, would be in excess of the 180 days mandated by K.S.A. 22-3402(2).

Defendant admits in his brief that a total of 31 days of that period should be charged to him. This period represents the time between defendant's motion for a continuance (February 9, 1982), and the court's appointment of his present counsel (March 11, 1982). The State, on the other hand, would have this court hold that defendant be charged with all delay after February 9, 1982, as such delay was caused solely by defendant's request for a continuance to obtain new counsel.

Defendant moved for a continuance on February 9, 1982, just two days before his trial was scheduled. It is undisputed that the State was prepared to proceed to trial at that time. Defendant requested only a two-week continuance to obtain private counsel. In actuality, defendant proved unable to secure same, and so, the court appointed replacement counsel 31 days later.

Defendant contends that he specifically refused to waive his right to a speedy trial in making his motion for a continuance. However, at the time of his making of that motion, the court explained to defendant that if it were granted, the earliest docket to which his case could be reassigned for trial was the two-week period beginning July 1, 1982. The court also explained that a grant of his request would stay the running of the period relative to his right to a speedy trial. Defendant expressed his understanding of this position taken by the court. Thus, defendant asked for and received a continuance fully cognizant that it would delay his trial until early July 1982. He is therefore powerless to complain of any delay after February 9, 1982,

whether one terms his motion as one which caused the delay or one which merely consented to it.

To summarize our holdings, defendant was not in custody "solely by reason" of the charges resulting in the conviction presently appealed from. This is because he was also in custody for other reasons, initially on other charges, later pending sentencing, and still later upon actual sentencing for conviction of one of those other charges. All these except sentencing occurred within 90 days of his arraignment. Neither was defendant free on bond. Thus, K.S.A. 22-3402 is not applicable to his case. Even if there was merit to defendant's claim that only 31 days should be attributed to his own fault or application (which there is not), his trial was held 175 days after his arraignment. This we hold to be a reasonable time, and not a denial of his right to a speedy trial.

This holding is not, however, essential to the result we reach herein. Whether we are correct in our assessment that K.S.A. 22-3402 does not apply herein is not dispositive. Even if that statute does apply, the peculiar facts of this case render any issue over the applicability of K.S.A. 22-3402(1) vis-a-vis 22-3402(2) moot. The conduct of defendant on February 9, 1982, in asking for and accepting the order of continuance on the conditions stated by the court was an effective waiver of his right to protest any delays occurring after that date. Trial was brought, as scheduled at the hearing of February 9, in early July 1982.

Because, on February 9, 1982, only 60 days had elapsed since defendant's arraignment, the time period properly chargeable to the conduct of the State was well within even the 90-day limit imposed by K.S.A. 22-3402(1). Thus, defendant's trial was timely under the statute even if same does apply. And, finally, defendant has shown no prejudice resulting from any delay he may have suffered.

We conclude that defendant herein was not denied his constitutional right to a speedy trial.

Affirmed.