No. 78,580

STATE OF KANSAS, *Appellant*, v. LOUIS BROWN, *Appellee*.

(950 P.2d 1365)

Opinion filed January 23, 1998.

*Thomas P. Alongi*, assistant county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellant.

*Charles K. Ball*, of Myers, Pottroff & Ball, of Manhattan, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The trial court held that the defendant, Louis Brown, had been denied a speedy trial and dismissed the charges against the defendant. The State appeals this ruling.

Some understanding of what took place procedurally prior to the court's ruling is necessary in deciding this appeal.

In 1995, the defendant appeared at the police station in Junction City, Kansas, to report that he had been robbed and struck in the lower leg by a ricochetting bullet. The wound looked older than one would expect for a wound that had just been inflicted. An emergency technician looked at the wound and was of the opinion

it was several days old. The area in which the defendant claimed to have been robbed and shot apparently had a reputation of harboring illegal activities. The defendant was asked where his car was, and he denied knowing where it was. He claimed that he ran and could not remember where his car was located. However, the police knew that the defendant's car was parked across the street from the police station.

The police decided to take the defendant into custody, at which point the defendant ran from the building. This led to his being charged with aggravated escape from custody and obstructing official duty by giving a false report. The police requested a search warrant to search the defendant's car for drugs, apparently on the basis that he had been convicted of some drug offense in southeast Kansas and that he had lied about where his car was located. According to the police, this evidence furnished probable cause for a search warrant. The police obtained the search warrant and searched the defendant's car for drugs, which were found. Thus, the defendant was also charged with possession of a narcotic, possession of a hallucinogenic drug, possession of drug paraphernalia, and driving with a canceled, suspended, or revoked license, as well as driving under the influence of alcohol.

The defendant was arraigned on May 25, 1995, and his jury trial was scheduled for July 14, 1995. On June 1, 1995, the State filed a motion to continue the trial because two police officers the State intended to call as witnesses were going to be on vacation during the time the trial was scheduled. On June 27, 1995, the trial court, with the express consent of defense counsel, continued the trial until August 22, 1995.

On August 7, 1995, the defendant filed a motion to suppress the drug evidence. At the defendant's request, the jury trial was continued until October 11, 1995. The suppression motion was heard on August 30, 1995, and the trial court suppressed the drug evidence. The State filed a timely notice of interlocutory appeal to the Kansas Court of Appeals, challenging the trial court's suppression of the evidence. The State obtained the Court of Appeals' permission to docket its appeal out of time. The Court of Appeals affirmed the trial court in an unpublished opinion. The mandate

from the Court of Appeals was entered on September 7, 1996, and received and filed in Geary County on September 11, 1996.

The trial court scheduled a jury trial for November 25, 1996. On November 14, 1996, the defendant, through newly retained counsel, sought a continuance to give defense counsel time to prepare and because the State had not complied with the discovery order entered prior to the court's suppression of the evidence. The trial was continued until January 16, 1997. The defendant filed a motion to dismiss the charges against him based on the State's failure to provide a speedy trial.

The defendant, in his motion to dismiss for lack of speedy trial, identified three areas of concern:

1. "That the time during which the interlocutory appeal by the State was pending herein should be counted for the purpose of determining the defendant's entitlement and discharge."

2. "That the defendant was held subject to an appearance bond during the pendency of the appeal by the prosecution herein in violation of K.S.A. 22-3604."

3. "That since the defendant was held subject to an appearance bond in violation of K.S.A. 22-3604, the appeal by the State herein was an unauthorized interlocutory appeal and the time during which it was pending should not be charged against the defendant. Further, the appeal by the State was taken arbitrarily or negligently or in bad faith and the delay was not justifiable."

The trial court granted the defendant's motion and dismissed the charges against the defendant for denial of a speedy trial. In so ruling, the trial court held as follows:

"1. The defendant was arraigned on May 25, 1995 and trial was set for July 14, 1995.

"2. After the Court granted the defendant's motion to suppress, the plaintiff sought an appeal which was docketed by the Kansas Court of Appeals on October 26, 1995.

"3. The mandate of the Kansas Court of Appeals was returned to the District Court on September 7, 1996.

"4. Excluding that time while the appeal was pending and excluding the time chargeable to the defendant the plaintiff has exceeded the 180 days allowed under K.S.A. 22-3402.

"It is therefore, by the COURT, Considered, Ordered, Adjudged and Decreed that the Defendant be and he is hereby discharged and the Defendant's bond is hereby exonerated. The case is hereby dismissed and the costs charged to the State of Kansas."

In deciding this case, we are somewhat handicapped by the fact that the trial judge gives us no clue as to how he computed the time that is to be charged to the State. Instead, the State comes up with a version of what the trial court must have intended, proceeds to set up a "straw man," and then attacks the straw man. The defendant also comes up with his version of what the trial court must have intended and defends that position. We remind counsel that it is the appellant's responsibility to furnish a record that shows reversible error. This sometimes requires the State to request the trial court to make additional findings of fact, which the State did not do herein.

The State makes no effort in its brief to set out what dates the trial judge properly charged to the defendant. Instead, it starts out with the premise that in order to have a violation of the statutory 180 days, the trial judge had to charge the State with the time between its filing of the interlocutory notice of appeal (September 5, 1995) and the date the interlocutory appeal was docketed in the Court of Appeals (October 26, 1995). Unquestionably, this was an authorized appeal and one in which the Court of Appeals had jurisdiction; thus, State v. Grimes, 229 Kan. 143, 622 P.2d 143 (1981), does not apply. What applies are K.S.A. 22-3603 and K.S.A. 22-3604(2), which provide as follows:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. *Further proceedings in the trial court shall be stayed pending determination of the appeal.*" (Emphasis added.)

"The time during which an appeal by the prosecution [authorized by K.S.A. 22-3603] is pending shall not be counted for the purpose of determining whether a defendant is entitled to discharge under K.S.A. 22-3402 [for the State's failure to provide a speedy trial] and amendments thereto."

We hold that from the time the State files its timely notice of interlocutory appeal, pursuant to K.S.A. 22-3603, the statutory

speedy trial provisions are tolled until the mandate is received by the trial court. We believe that to be the intent of the legislature in adopting K.S.A. 22-3603 and K.S.A. 22-3604(2). The decision of whether to allow a party to docket an appeal out of time is best left to the discretion of the appellate court. If in its discretion the appellate court grants permission to docket an appeal out of time, the docketing relates back to the date the notice of appeal was filed. We cannot tell from the record how the trial court arrived at its decision that the defendant was denied his statutory right to a speedy trial. If the State is correct that the trial court charged to it the time between when the notice of interlocutory appeal was filed and when the Court of Appeals allowed the appeal to be docketed out of time, then the trial court erred and the defendant was not denied his right to a speedy trial.

However, the defendant claims that all of the days which passed while the State's interlocutory appeal was pending should be charged to the State and the time affecting his speedy trial rights should not be tolled because the defendant was still subject to an appearance bond during the pendency of this appeal. If this position is correct, then the defendant was clearly denied a statutory speedy trial, as over 300 days passed from the date the interlocutory appeal was filed until the mandate was filed.

The defendant's argument is that under K.S.A. 22-3604(1), the trial court should have released the defendant from his appearance bond during the pendency of the interlocutory appeal. This statute provides in pertinent part:

"(1) Except as provided in subsection (3), a defendant shall not be held in jail *nor subject to an appearance bond during the pendency of an appeal* by the prosecution." (Emphasis added.) (NOTE: The defendant was not charged with any crime matching the descriptions set out in subsection [3]. Thus, subsection [3] does not apply.)

When the State appealed the trial court's suppression order, the defendant was not released from the condition of his bond. According to the defendant, the State was aware that he was still subject to an appearance bond during the appeal because the State's motion to docket the appeal out of time provides "that defendant is free *on bond*." (Emphasis added.)

The defendant contends that keeping him subject to an appearance bond during the State's interlocutory appeal was a violation of K.S.A. 22-3604. Since the State kept the defendant subject to an appearance bond during the pendency of its interlocutory appeal, in violation of K.S.A. 22-3604, the defendant claims, the State should be charged with the speedy trial days which passed while the interlocutory appeal was pending. The defendant asks this court to uphold the trial court's dismissal of the charges against him based on the State's failure to provide him with a speedy trial.

The State does not address this argument in its brief.

We hold that where the State files an authorized appeal that is not taken arbitrarily, negligently, or in bad faith, the statutory speedy trial time is tolled pursuant to K.S.A. 22-3604(2) from the date the notice of appeal is filed. The trial court obviously erred in not releasing the bond. The State also failed to have the bond released, as did the defense counsel. The defendant had a statutory right to have the appearance bond released upon proper application. The fact that the defendant's appearance bond was not released does not negate the statutory provision of K.S.A. 22-3604(2), which unequivocally mandates that the time an authorized appeal has been pending shall not be counted in determining statutory speedy trial issues.

Further, we should point out that the trial court did not charge the time while the interlocutory appeal was pending to the State. The defendant did not file a notice of appeal challenging this ruling. Thus, the defendant's argument in this appeal, that the time while the interlocutory appeal was pending should be charged to the State because the defendant was not released from the appearance bond during the pendency of the interlocutory appeal, is not properly before this court. Nevertheless, we have addressed the defendant's argument and found it to be without merit. In summary, we conclude that the time in which the interlocutory appeal was pending should toll the speedy trial time from the date the State's notice of interlocutory appeal was filed until the mandate was received by the trial court. We also find that the State's first motion for continuance is chargeable to the defendant because the defendant acquiesced in this continuance.

"A continuance is properly charged to the defendant if it is either the result of the application of the defendant or if it is the result of the fault of the defendant. [Citation omitted.] A defendant, by his or her conduct, may waive the statutory right to a speedy trial. Such conduct includes requesting or even *acquiescing in* the grant of a continuance. Defense counsel's actions are attributable to defendant in computing speedy trial violations." (Emphasis added.) *State v. Southard*, 261 Kan. 744, 748, 933 P.2d 730 (1997).

Based on these findings, we are satisfied that 180 days have not run from the date of the defendant's arraignment which are chargeable to the State. Thus, the State did not deny the defendant his statutory right to a speedy trial.

It is our understanding from oral argument that the only remaining counts against the defendant are the traffic charges. We reverse the trial court and remand the case to the trial court for trial on these charges.

Reversed and remanded.

ALLEGRUCCI, J., concurring in the result.