(115 P.3d 785)

No. 93,558

STATE OF KANSAS, *Appellant*, v. EMILY WHITE, *Appellee*.

Opinion filed July 22, 2005.

*Jon P. Whitton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Phill Kline*, attorney general, for appellant.

No appearance by appellee.

Before CAPLINGER, P.J., JOHNSON and HILL, JJ.

HILL, J.: This case was first before us as an interlocutory appeal. It now returns as an appeal by the State from the dismissal of the charge against Emily White because she was not brought to trial within the statutory time limit. Ordinarily a defendant must be brought to trial within 180 days of arraignment, but that requirement abates during an interlocutory appeal. The time period starting when the State files its notice of appeal until the trial court receives the mandate from the appellate court does not count against the State. Subsequently, the time begins to run again. Thus, the State in this case is responsible for the lapse of time after the

appellate mandate was filed and the new trial date, resulting in 210 total days of delay. Accordingly, we affirm.

*Facts and Procedural Background*

Emily White was arrested for driving under the influence. She was arraigned on June 18, 2003, and a trial was set for August 1, 2003. White filed a motion to suppress, which was granted. The State then pursued an interlocutory appeal. This court reversed the district court's ruling in an unpublished decision, *State v. White*, Case No. 91,459, filed May 28, 2004. We remanded for further proceedings before a different judge.

The district court received the mandate from the Clerk of the Appellate Courts on July 2, 2004. The case was transferred to a different judge and set for trial on November 9, 2004. White filed a motion to dismiss for violation of her speedy trial rights under K.S.A. 2004 Supp. 22-3402 because she was not brought to trial within 180 days. The district court granted the motion.

*Analysis*

This case involves the interpretation and application of K.S.A. 2004 Supp. 22-3402, which sets speedy trial requirements, and K.S.A. 22-3603, which permits interlocutory appeals; therefore, our standard of review is unlimited. Furthermore, an appellate court is not bound by the district court's interpretation of a statute. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

According to K.S.A. 22-3604(2), the time during which an interlocutory appeal by the prosecution under K.S.A. 22-3603 is pending is not counted for the purpose of determining whether a defendant is entitled to discharge for the State's failure to provide a speedy trial under K.S.A. 2004 Supp. 22-3402. Furthermore, in *State v. Brown*, 263 Kan. 759, 762-63, 950 P.2d 1365 (1998), the Supreme Court held that the statutory speedy trial provisions are tolled from the time the State files a timely notice of interlocutory appeal to the time the mandate is received by the trial court.

The State contends it is not responsible for the 130 days between the filing of the mandate, July 2, 2004, and the trial date,

November 9, 2004. The State argues this time is chargeable to the defendant because the appeal was a delay caused by her suppression motion that was erroneously granted by the district court. The State argues that the defendant is responsible for all "reasonable time" required to bring the defendant back to trial, including the time to reschedule the trial after the mandate was issued.

This argument ignores the clear ruling in *Brown*, "that from the time the State files its timely notice of interlocutory appeal, pursuant to K.S.A. 22-3603, the statutory speedy trial provisions are tolled *until the mandate is received by the trial court*." (Emphasis added.) 263 Kan. at 762-63. Obviously, the time starts to count again against the State after that filing.

The district court did not err in finding the defendant's speedy trial rights were violated, where 210 days, all chargeable to the State, passed between her arraignment and trial.

Affirmed.