(125 P.3d 587)

No. 93,924

STATE OF KANSAS, *Appellant,* v. SCOTT HANEY, *Appellee.*

Opinion filed January 6, 2006.

*Jon P. Whitton,* assistant county attorney, *Ellen Mitchell,* county attorney, and *Phill Kline,* attorney general, for appellant.

*Roger D. Struble,* of Blackwell, Blackwell & Struble Chtd., of Salina, for appellee.

Before MARQUARDT, P.J., PIERRON, J., and BUKATY, S.J.

MARQUARDT, J.: The State of Kansas appeals the trial court's dismissal of charges against Scott Haney on the ground that his right to a speedy trial was violated. We affirm.

The facts of this case are not disputed. On January 3, 2003, Haney was charged with one count of misdemeanor sexual battery. In October 2003, Haney filed a motion to dismiss, claiming the case was not timely prosecuted. The trial court granted the motion, finding that Haney was not brought to trial within the 180 days required by K.S.A. 2004 Supp. 22-3402. The State appealed that finding to this court. See *State v. Haney,* No. 91,377, unpublished opinion filed September 24, 2004.

On appeal, this court concluded that the State caused a delay of only 120 days. Therefore, the State had not exceeded the 180-day limit, and the case was remanded for further proceedings. The mandate from the Clerk of the Appellate Courts was issued on October 28, 2004, and received by the trial court on October 29, 2004.

Upon remand, the State filed a notice of hearing for November 29, 2004. At that hearing, it was agreed by both parties that Haney's trial would be held on January 27, 2005. On January 26, 2005, Haney filed a second motion to dismiss for violation of his speedy trial rights. At that hearing, the State argued that the time delay "from October 3, 2003, to January 27, 2005," should be assigned to Haney, since the State prevailed on its appeal regarding the first dismissal. The trial court disagreed, finding that the State was not allowed to charge the speedy trial time after the filing of the mandate against Haney. The trial court concluded that 211 days had elapsed, which meant that the State was 31 days beyond the 180-day time limit. Haney's motion to dismiss was granted. The State timely appeals.

The State reiterates its argument that the delay in putting the matter back on the trial calendar was caused by Haney's motion to dismiss, making it chargeable to Haney. The State contends that "the delay in bringing the defendant to trial from October 21, 2003 to January 27, 2005 is entirely attributable to the defendant's motion to dismiss."

The question of whether a defendant's constitutional right to a speedy trial has been violated is a question of law subject to unlimited review. *State v. Rivera*, 277 Kan. 109, 113, 83 P.3d 169 (2004).

The State is correct that statutory speedy trial provisions are tolled while the State pursues an appeal. See K.S.A. 22-3604(2). However, this tolling lasts only until the mandate is received by the trial court. *State v. Brown*, 263 Kan. 759, 762-63, 950 P.2d 1365 (1998). The time during which an interlocutory appeal by the prosecution is pending is not counted for the purpose of determining whether a defendant is entitled to discharge for the State's failure to provide a speedy trial. However, once the mandate is filed and received by the trial court, the time starts to run again,

and any days which elapse are attributed to the State. *State v. White*, 34 Kan. App. 2d 182, Syl. ¶ 1, 115 P.3d 785 (2005).

It is undisputed that Haney was not brought to trial until at least 210 chargeable days after the complaint was filed. At the time the mandate was filed, there were 120 days on the clock charged to the State. Ninety days elapsed between the filing of the mandate and Haney's trial date. That amounted to 210 days from the filing of the complaint until trial chargeable to the State. This was a violation of K.S.A. 2004 Supp. 22-3402. The trial court properly granted Haney's motion to dismiss for lack of a speedy trial.

Affirmed.