(208 P.3d 770)

No. 98,883

STATE OF KANSAS, *Appellant*, v. CARLOS E. MONTES-MATA, *Appellee*.

Opinion filed May 29, 2009.

*Vernon E. Buck*, first assistant county attorney, *J. Marcus Goodman*, county attorney, and *Stephen N. Six*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before CAPLINGER, P.J., BUSER, J., and BUKATY, S.J.

CAPLINGER, J.: The State of Kansas appeals the district court's order dismissing the charges against Carlos E. Montes-Mata based on speedy trial violations. The State contends the district court erred in finding that although Immigration and Customs Enforcement (ICE) issued an immigration detainer to the Lyon County Sheriff's Department while Montes-Mata was jailed based on charges pending in this case, Montes-Mata was being held in jail solely by reason of the instant charges under K.S.A. 22-3402.

We conclude that the immigration detainer at issue here merely expressed ICE's intention to seek future custody of Montes-Mata and requested that Lyon County provide notice to ICE before terminating his confinement. Because it did not place a hold on

Montes-Mata, he continued to be held solely by reason of the instant charges under K.S.A. 22-3402. Therefore, we affirm the district court's dismissal of the charges based on the State's failure to timely bring Montes-Mata to trial.

*Factual and procedural background*

On October 4, 2005, Montes-Mata was arrested and charged with one count each of possession of marijuana with intent to sell, deliver, or distribute; conspiracy to possess marijuana with intent to sell, deliver, or distribute; and failure to affix a drug tax stamp. Montes-Mata remained in custody from his arrest until the district court's ruling on his motion to discharge.

Montes-Mata pled guilty to conspiracy to possess marijuana with intent to sell, in exchange for the State's dismissal of the remaining two counts. Prior to his sentencing, the Lyon County Sheriff's Department received an I-247 Immigration Detainer — Notice of Action from the United States Bureau Immigration and Customs Enforcement (ICE), which notified the department that ICE had initiated an investigation "to determine whether [Montes-Mata] is subject to removal from the United States."

The district court subsequently granted Montes-Mata's attorney's motion to withdraw as defense counsel, appointed new counsel, and granted Montes-Mata's motion for a continuance of sentencing to permit him to file a motion to withdraw his plea.

Montes-Mata filed a motion to withdraw his plea, and the district court granted the motion on April 14, 2006, finding the plea was not freely, voluntarily, and intelligently made.

On April 28, 2006, the district court conducted a motions hearing, during which Montes-Mata moved to suppress the evidence resulting from the traffic stop and his subsequent statements. Following a June 30, 2006, suppression hearing, the district court granted the motion in part and denied it in part. On July 7, 2006, the State appealed the district court's suppression order.

A panel of this court, in *State v. Montes-Mata*, No. 97,155, filed March 30, 2007, affirmed the district court's ruling, and on May 9, 2007, the district court sent the State a letter questioning

whether the State wished to proceed with the case using the non-suppressed evidence.

On May 14, 2007, Montes-Mata moved "for his discharge from further liability in this case and dismissal of this action" because of the State's alleged violations of his speedy trial rights, pursuant to K.S.A. 22-3402. The State responded, arguing the immigration detainer vitiated the 90-day speedy trial requirement because after the detainer was received, Montes-Mata was no longer "held in jail solely by reason" of the instant charges.

On June 1, 2007, the district court granted Montes-Mata's motion, concluding he was held for 111 days and the immigration detainer was not a "hold" as contemplated under K.S.A. 22-3402. Rather, the court found the notice served only to advise the Lyon County Detention Facility that upon Montes-Mata's release, "the Department of Homeland Security seeks custody of the defendant for the future purposes of arresting and commencing federal removal proceedings against the Defendant."

*Discussion*

The State appeals the dismissal of the charges against Montes-Mata, arguing the district court erred in finding a violation of Montes-Mata's statutory speedy trial rights. Specifically, the State contends Montes-Mata's statutory speedy trial rights were not violated because after the county received the immigration detainer, Montes-Mata was no longer being held in jail solely by reason of the instant charges.

Montes-Mata argues the district court properly dismissed the charges against him because the State failed to try him within 90 days from the April 14, 2006, hearing at which the court granted his motion to withdraw his plea. Additionally, Montes-Mata contends the district court correctly concluded the immigration detainer did not require that he be held for immigration authorities.

Whether a defendant's statutory speedy trial right was violated is a question of law over which we exercise unlimited review. *State v. Adams*, 283 Kan. 365, 368, 153 P.3d 512 (2007).

Every person accused of a crime has a constitutional statutory right to a speedy trial under the Sixth Amendment to the United

States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution. *State v. Strong,* 8 Kan. App. 2d 589, 591, 663 P.2d 668, *rev. denied* 233 Kan. 1093 (1983). Kansas has adopted K.S.A. 22-3402 to "define and implement these constitutional guaranties to a speedy trial." *Strong,* 8 Kan. App. 2d at 591. Under that statute:

> "If any person charged with a crime and held in jail *solely by reason thereof* shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant . . . ." (Emphasis added.) K.S.A. 22-3402(1).

This 90-day time limit may be extended by certain statutorily-prescribed conditions, such as pending competency determination proceedings, the unavailability of material evidence, or because other pending cases do not permit the district court sufficient time to commence the trial. K.S.A. 22-3402(5). A defendant who is not being held "solely by reason" of the pending charges is not entitled to the protections of the 90-day time limit. *Strong,* 8 Kan. App. 2d at 591-93.

A defendant is not being held solely on the pending charges if separate criminal charges are pending against the defendant or the defendant is being held for a parole or probation violation. See *State v. Noriega,* 261 Kan. 440, 458-59, 932 P.2d 940 (1997), *overruled in part on other grounds, State v. Mathenia,* 262 Kan. 890, Syl. ¶¶ 2-3, 942 P.2d 624 (1997); *State v. Hill,* 257 Kan. 774, 778, 895 P.2d 1238 (1995); *Strong,* 8 Kan. App. 2d at 591-93, 596.

The State bears the responsibility to ensure that the defendant receives a speedy trial; a defendant need not "take any affirmative action to ensure that his or her right to a speedy trial is observed." Adams, 283 Kan. at 369. However, any delays caused by the "application or fault" of the accused are not counted against the 90-day speedy trial period. *Strong,* 8 Kan. App. 2d at 595.

The parties agree that Montes-Mata was held for 111 days prior to the district court's dismissal of the petition—*i.e.,* the period from April 14, 2006, when the district court permitted Montes-Mata to withdraw his plea, until June 1, 2007, when the district court dismissed the charges. This time period excludes the time in which

the State's interlocutory appeal of the suppression order was pending before this court. *State v. White*, 34 Kan. App. 2d 182, 183, 115 P.3d 785 (2005).

Whether an immigration detainer constitutes a pending charge under our speedy trial statute is a matter of first impression for the court. However, we find guidance in *State v. Sanchez*, 110 Ohio. St. 3d 274, 853 N.E.2d 283 (2006), which thoroughly considered substantially the same issue raised by the State here.

In *Sanchez*, the defendant was arrested as the result of a traffic stop and charged with money laundering and possession of criminal tools. Within 5 days of her arrest, an immigration detainer was issued by ICE. 110 Ohio St. 3d at 275. After 89 days, Sanchez moved to suppress. After 92 days, Sanchez moved to dismiss the charges, alleging her speedy trial rights had been violated because her trial had not been commenced within 90 days of her arrest. 110 Ohio St. 3d at 276. The district court denied the motion, Sanchez appealed, and the Sixth Appellate District Court reversed and vacated her sentence. The Ohio Supreme Court reversed the Sixth Appellate District Court and reinstated Sanchez' conviction, finding that her motion to suppress had tolled the clock for speedy trial violations. 110 Ohio St. 3d at 276. However, the court also considered the impact of the immigration detainer on Sanchez' speedy trial rights.

Ohio Rev. Code Ann. § 2945.71(C)(2) (Anderson 2008) provides that a person charged with a felony must be brought to trial within 270 days after their arrest. However, for purposes of computing time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Ohio Rev. Code Ann. § 2945.71(E) (Anderson 2008). The remedy for a speedy trial violation in Ohio is the discharge of the defendant from further liability for the charged crimes. Ohio Rev. Code Ann. § 2945.73(B), (D) (Anderson 2008). However, Ohio's triple-count provision applies only to those being held *solely on the pending criminal charges*, and not those who are being held for a parole or probation violation or being held for separate criminal charges. See *State v. Brown*, 64 Ohio St. 3d 476, 479, 597 N.E.2d 97 (1992); *State v. Martin*, 56 Ohio St. 2d 207, 211, 383 N.E.2d 585 (1978).

In reaching this conclusion, the *Sanchez* court relied on 8 C.F.R. § 287.7(a) (2008), which it said

"serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 110 Ohio St. 3d at 278.

The *Sanchez* court reasoned that the immigration detainer did not seek to hold Sanchez "in concurrent custody on previously adjudicated charges" while she awaited trial on the new charges, but only sought "to notify the State of Ohio that ICE may seek custody of Sanchez in the future." 110 Ohio St. 3d at 280. Consequently, the court held the detainer did not nullify the triple-count provision within Ohio's speedy trial statute and the state had only 90 days in which to bring her to trial. 110 Ohio St. 3d at 279.

Unlike Ohio's speedy trial statute, K.S.A. 22-3402 contains no triple-count provision. However, both statutes require a 90-day trial date for defendants jailed solely because of the pending charges. Moreover, the two statutes have the same remedy, *i.e.*, dismissal of the charges. Accordingly, we find the Ohio court's analysis in *Sanchez* persuasive here.

And, as in *Sanchez*, a plain reading of the immigration detainer leads to the conclusion that it requests only that the Lyon County Sheriff's Department notify ICE prior to Montes-Mata's release. The document indicates that ICE has initiated an investigation "to determine whether [Montes-Mata] is subject to removal from the United States" and it requests that the sheriff hold Montes-Mata for a period not exceed 48 hours "to provide adequate time for ICE to assume custody of the alien." The immigration detainer form contains other provisions which, had they been checked or selected, might have changed the outcome of this proceeding. For instance, the form could serve to notify a sheriff's office of: (1) a notice to appear or other charging document initiating removal proceedings; (2) an arrest warrant in removal proceedings; or (3) a deportation order or order of removal from the United States. However, these options were not selected here, and the options

explicitly selected clearly state that ICE seeks notification only if Lyon County plans to release Montes-Mata.

The State suggests in its brief that the detainer in this case may be distinguished from the detainer in *Sanchez* because here the detainer contains several references to the term "hold." However, this is an inaccurate representation of the record.

As the State conceded at oral argument, the immigration detainer form (I-247) does not contain numerous references to the term "hold." Rather, the State apparently intended to refer to a one-page document which is included in the record immediately following the immigration detainer form. That document indicates at the top of the page in large, bold letters: "INS HOLD." Handwritten information on the document identifies the name and contact information for the "INS contact person" as well as the time INS was contacted. That notation indicates that INS was contacted by someone from the Lyon County Sheriff's Department on February 6, 2006. The word "HOLD" is also printed three times across the bottom of the page.

However, the State conceded at oral argument that the record contains no indication as to who prepared this document or its significance. Thus, it is impossible to discern from the record whether the one-page document was prepared by someone at the Lyon County Sheriff's Department or was included with the original detainer notice. Further, the record reveals that this issue was not argued to the district court, and the district court made no mention of the one-page document in its decision. Thus, we have not taken the document into consideration in reaching our decision in this case.

We conclude the immigration detainer issued to the Lyon County Sheriff's Department merely expressed ICE's intention to seek future custody of Montes-Mata and requested notice from Lyon County prior to terminating Montes-Mata's confinement. The detainer did not, however, place a hold on Montes-Mata, and he continued to be held in custody solely by reason of the instant charges. See K.S.A. 22-3402.

Consequently, the immigration detainer issued by ICE did not vitiate Montes-Mata's right to be brought to trial within 90 days

under K.S.A. 22-3402, and we affirm the district court's dismissal of the charges based on a violation of Montes-Mata's statutory speedy trial rights.

Affirmed.