McAnany, J.:
The State of Kansas appeals from the district court’s decision to dismiss a criminal complaint against Spencer Gifts, LLC, due to a violation of statutory speedy trial rights under K.S.A. 2014 Supp. 22-3402(b). The State contends the speedy trial provision of K.S.A. 2014 Supp. 22-3402(b) does not apply to an LLC that was never held to answer on an appearance bond.
On October 6, 2010, the State filed a criminal complaint against Spencer Gifts, LLC, charging it with promoting obscenity that was harmful to minors pursuant to K.S.A. 21-4301c. A summons was issued which directed Spencer Gifts to appear in court on October 27,2010. Spencer Gifts appeared through counsel at the appointed time and entered a plea of not guilty. During the pendency of the action, Spencer Gifts continued to appear as the case was pending in district court. Spencer Gifts requested continuances from November 2010 until June 2011.
Spencer Gifts contended that it had a statutory right to a speedy trial. It did not assert a constitutional speedy trial claim. In response, die State requested that the district court determine whether K.S.A. 2014 Supp. 22-3402(b) applied. The State argued the speedy trial statute did not apply because Spencer Gifts had been ordered to appear by summons and, therefore, was not held on an appearance bond. Following a hearing in June 2013, the district court judge agreed with the State and determined that Spencer Gifts had not been held to answer on an appearance bond: “A corporation has never been in custody, never been on a bond in this case. So I’m going to find there is no speedy trial violation.” The district court judge also ruled that the LLC was not a “person” as contemplated under the speedy trial statutes “based on the status of the defendant as a corporation.”
Shortly before trial in February 2014, Spencer Gifts moved to dismiss for violation of its speedy trial rights, more than 180 days having passed since commencement of the action without the matter being brought to trial. It argued that Kansas courts had applied the speedy trial statute to individuals who were charged with a crime but were not held on an appearance bond. See City of Elk *439 hart v. Bollacker, 243 Kan. 543, 757 P.2d 311 (1988) (defendant commanded to appear by notice to appear); State v. Palmquist, No. 103, 914, 2011 WL 767861 (Kan. App.) (unpublished opinion) (defendant commanded to appear by summons), rev. denied 292 Kan. 968 (2011). In response, the State maintained its position that because Spencer Gifts was not held on an appearance bond, K.S.A. 2014 Supp. 22-3402(b) did not apply.
The motion was reassigned to a senior district court judge who, relying on the holdings in Bollacker and Palmquist, ruled that the speedy trial statute applied to Spencer Gifts regardless of the fact that it had been ordered to appear by summons. The court determined that based on the passage of time, Spencer Gifts’ statutory speedy trial rights under K.S.A. 2014 Supp. 22-3402(b) had been violated. The court dismissed the complaint, and the State appeals.
On appeal, the State argues that the district court erred in applying K.S.A. 2014 Supp. 22-3402(b) to Spencer Gifts, a limited liability company that was not subject to an appearance bond. This contention raises an issue of statutory construction, a matter which we review de novo. State v. Arnett, 290 Kan. 41, 47, 223 P.2d 780 (2010). As a general rule, criminal statutes are strictly construed in favor of the accused. The rule is constrained by the rule that the interpretation of a statute must be reasonable and sensible to affect the legislative design and intent of die law. State v. Phillips, 299 Kan. 479, 495, 325 P.3d 1095 (2014). The rule of lenity arises only when there is any reasonable doubt of the statute’s meaning. See State v. Beaman, 295 Kan. 853, 868, 286 P.3d 876 (2012).
K.S.A. 2014 Supp. 22-3402 guarantees a criminal defendant’s right to a speedy trial. K.S.A. 2014 Supp. 22-3402(b)—formerly K.S.A. 22-3402(2)—-provides:
“If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e).”
Spencer Gifts was not held to answer on an appearance bond. See K.S.A. 22-2202(2) (defining appearance bond). Instead, the pros *440 ecution against Spencer Gifts was initiated by a summons, which is “a written order issued by a magistrate directing that a person appear before a designated court at a stated time and place and answer to a charge pending against the person.” K.S.A. 22-2202(19).
Spencer Gifts relies on Bollacker. There, the defendant was charged by means of a complaint, and he received a notice to appear in municipal court for unlawful discharge of a firearm. Bol-lacker appeared for trial and was found guilty. He appealed his conviction to the district court. Bollacker’s attorney wrote to the municipal court about die necessity of an appearance bond, but there was no appearance bond filed. Bollacker was merely notified to appear, and Bollacker never failed to appear during the pen-dency of the action. After several delays, his counsel filed a motion to dismiss based on K.S.A. 22-3402(2) (Ensley 1981), and the district court granted the motion based on a violation of Bollacker’s speedy trial rights.
Spencer Gifts argues that the situation in this case is similar to that in Bollacker. In both cases, the defendants were not required to post a bond; rather, they were merely notified to appear. The Bollacker court relied on the holding in City of Overland Bark v. Fricke, 226 Kan. 496, 502, 601 P.2d 1130 (1979), noting that the defendant in Fricke had posted an appearance bond, but the court found no significance in the distinction. Bollacker, 243 Kan. at 545. In Fricke, our Supreme Court found that the time limitations provided in K.S.A. 1977 Supp. 22-3402 should begin to run from the date the appeal is docketed in the district court or at the expiration of the time the appeal should have been docketed, whichever occurs first. 226 Kan. 502.
The Bollacker court recognized the legislature’s intent that “persons charged with crime should be granted a prompt and speedy trial.. . [t]o prevent the oppression of a citizen by holding criminal prosecutions suspended over [the person] for an indefinite time and to prevent delays in the administration of justice.” 243 Kan. at 545. The Bollacker court pointed to K.S.A. 21-3813(2) (Ensley 1981), which provided in part that “ ‘[a]ny person who is released upon his or her recognizance, without surety, or who fails to appear *441 in response to a summons or traffic citation, shall be deemed a person released on bond.’ ” 243 Kan. at 545. Thus, “the legislature intended to provide statutory speedy trials for all persons held to respond to criminal charges.” 243 Kan. at 545.
Spencer Gifts asserts that the holding in Bollacker does not depend on the form in which the defendant is commanded to appear. Instead of the threat of arrest, Spencer Gifts was under the threat of sanction throughout the criminal process for failure to appear. On two occasions, the district court commanded Spencer Gifts to personally appear despite the local rule and statutory provision allowing misdemeanor defendants to appear through counsel. See K.S.A. 2014 Supp. 22-3204(c).
A panel of this court reaffirmed the Bollacker holding in Pa-lmquist, 2011 WL 767861, at *4-5. In that case, the defendant had received several driving-related citations by mail directing him to appear in district court. Palmquist appeared, was arraigned, and entered a plea of not guilty but was not taken into custody. After several delays, the case was dismissed without prejudice due to the State’s inability to proceed without an unavailable witness. The case was later refilled, and Palmquist was ordered to appear for arraignment in the refilled case by summons. Palmquist appeared, entered a plea of not guilty, but was not taken into custody.
Palmquist moved to dismiss based upon a violation of his speedy trial rights. The district court applied tire speedy trial statute and dismissed the charges despite the fact that Palmquist was held to answer by way of a summons rather than an appearance bond. The panel majority reasoned:
"We find the legal analysis in Bollacker is sound and the outcome practical. Both a summons and a notice to appear compel appearance at a future hearing without the need to post security, which is comparable to many appearance bonds used to secure appearance at a future hearing. . . . Moreover, a person who receives a summons or a notice to appear is subject to a degree of restraint that is, for all practical purposes, identical to the degree of restraint imposed upon a person who is not required to post bail but held to answer to pending charges based on an appearance bond. And, whether secured by notice to appear, summons, or appearance bond, nonappearance could result in a conviction for failure to appear, a class B nonperson misdemeanor. See K.S.A. 21-3813(a), (b), and (d).” Palmquist, 2011 WL 767861, at *4.
*442 The State points to caselaw in which the Kansas courts have interpreted the plain language of K.S.A. 22-3402 and found that it did not apply. However, the Palmquist court addressed those cases and distinguished their holdings:
“Although citing to several cases that have held K.S.A. 22-3402(2) only applies to defendants who are charged with a crime and subject to an appearance bond, we find each of them factually distinguishable. In State v. Mathenia, 262 Kan. 890, 942 P.2d 624 (1997), and State v. Strong, 8 Kan. App. 2d 589, 663 P.2d 668, rev. denied 233 Kan. 1093 (1983), the defendants were awaiting trial on pending charges in one case but in custody and serving sentences pursuant to convictions in another case. The Mathenia and Strong courts held that that the time periods of K.S.A. 22-3402(1) and (2) were inapplicable to the defendants because in both cases, the defendants (1) were not held in custody solely by reason of the pending charges, and (2) were not held to answer for tire pending charges based on an appearance bond. Mathenia, 262 Kan. 897-900; Strong, 8 Kan. App. 2d at 592-93. In State v. Blizzard, 43 Kan. App. 2d 418, 421-23, 225 P.3d 773 (2010), the court held that the time period during which the State’s appeal was pending from a district court’s dismissal of a complaint did not count for statutory speedy trial purposes because, under K.S.A. 22-3604(1), the defendant was not held in jail or subject to an appearance bond while the appeal was pending.” Palmquist, 2011 WL 767861, at *3.
The Palmquist court rejected the holdings in these cases in favor of our Supreme Court’s holding in Bollacker. In State v. Blizzard, 43 Kan. App. 2d 418, 423, 225 P.3d 773 (2010), the distinguishing factor was that the defendant was not held on any court order restricting his liberty. In this case, the corporate defendant was subject to a summons.
The State now reasserts the arguments that were rejected by a panel of this court in Palmquist. The State argues that Bollacker and Palmquist were wrongly decided, having ignored the plain and unambiguous language of tire statute. On the other hand, Spencer Gifts argues that this court should not conduct statutory interpretation when the holding in Bollacker is still binding precedent. “[Wjhen the legislature fails to modify a statute to avoid a longstanding judicial construction of that statute, the legislature is presumed to agree with the court’s interpretation. [Citations omitted.]” Clanton v. Estivo, 26 Kan. App. 2d 340, 343, 988 P.2d 254 (1999). Spencer Gifts argues that tire holding in Bollacker, which *443 has already interpreted the statute in favor of Spencer Gifts, controls.
The State argues the facts of this case are different because the defendant is a limited liability company rather than an individual, who is subject to arrest for nonappearance. Spencer Gifts, as a limited liability company, cannot be arrested by a surety. See K.S.A. 22-2809. A corporation also cannot be held in jail under K.S.A. 2014 Supp. 22-3402(a). See Continental Insurance Cos. v. Bayless & Roberts, Inc., 548 P.2d 398, 407 (Alaska 1976) (a corporation cannot be incarcerated); State v. Pennsylvania Railroad Co., 9 N.J. 194, 200, 87 A.2d 709 (1952) (the defendant, being a corporation, cannot be incarcerated); State v. Summers, 692 S.W.2d 439, 443-44 (Tenn. Crim. App. 1985) (“Since corporations cannot be incarcerated, fines are the only punishment which can be levied against them.”).
Despite the fact that corporations cannot be incarcerated, constitutional speedy trial rights have been applied to corporate defendants. See United States v. Rivera Const. Co., 863 F.2d 293, 295 (3d Cir. 1988); United States v. Litton Systems, Inc., 722 F.2d 264 (5th Cir. 1984); United States v. Stein, 456 F.2d 844 (2d Cir. 1972), cert. denied 408 U.S. 922 (1972). In United States v. Sears, Roebuck and Co., Inc., 677 F. Supp. 1042, 1046-48 (C.D. Cal. 1988), rev’d on other grounds 877 F.2d 734 (9th Cir. 1989), the California federal district court discussed whether the federal speedy trial act should apply to corporations. The court stated:
“These problems [caused by delayed prosecution], which vex a corporation just as much as they vex an individual, include being forced to exist under ‘a cloud of anxiety, suspicion, and hostility’; a ‘draining of resources’; subjection to ‘public and commercial obliquoy’; restraint on liberty; and loss of contracts, customers and public good will.” 677 F. Supp. at 1046.
In State v. Empak, Inc., 889 S.W.2d 618, 623 (Tex. App. 1994), the Texas Court of Appeals found:
“Corporations have a speedy trial right under federal and Texas constitutions. In Texas, a speedy trial right is also assured by TEX.CODE CRIM.PROC.ANN. art. 1.05 (Vernon 1977), and the Code of Criminal Procedure expressly applies to corporations. [Citation omitted.] Empak argues that without a speedy trial right, the State could file charges against a corporation and delay service indefinitely in *444 dereliction of legislatively promulgated statute of limitations. ... In addition to relieving the defendant of unnecessary consequences associated with being criminally accused, the right to a speedy trial exists to promote society’s interest in promptly disposing of criminal charges to enhance the administration of justice. [Citation omitted.]”
K.S.A. 2014 Supp. 21-5211(a) provides that corporations can be criminally liable under our criminal code: “A corporation is criminally responsible for acts committed by its agents when acting within the scope of their authority.” Here, Spencer Gifts was subject to criminal penalties for failure to appear by summons. See K.S.A. 2014 Supp. 21-5915. Had Spencer Gifts failed to appear, K.S.A. 2014 Supp. 21-5915(c)(l) authorized its prosecution for a class B misdemeanor. K.S.A. 2014 Supp. 21-6611(b)(2) also authorizes die imposition of a fine for nonappearance. See State v. Davis, 266 Kan. 638, 645, 972 P.2d 1099 (1999) (criminal contempt proceedings are brought to preserve power and vindicate dignity of courts and to punish for disobedience of its orders).
We conclude that the district court was correct in relying on Bollacker, which construed the language of K.S.A. 22-3402(2) to include criminal defendants whose appearances were secured by receiving a notice to appear or a summons. Based on our Supreme Court’s opinion in Bollacker, the district court correctly dismissed this case under the 180-day time limitation provided for in K.S.A. 2014 Supp. 22-3402(b).
Affirmed.
⅜ * *