NOT DESIGNATED FOR PUBLICATION

No. 121,916

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JANET M. ALLEN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed December 23, 2020. Convictions reversed, sentences vacated, and charges dismissed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, *Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM:  Janet M. Allen appeals her jury trial convictions of forgery, felony theft, and misdemeanor theft. Allen now presses two points on appeal:  (1) Her statutory speedy trial rights were violated when the State requested a continuance of the jury trial, which the district court granted without a hearing; and (2) the district court erred when it sua sponte addressed her and advised she had a constitutional right to testify or not testify at the trial. Following a review of the record, we agree with Allen the district court erred by not having a hearing with Allen present at a critical stage of the proceedings to consider the State's request for a continuance of the jury trial. The resulting continuance

1

also caused a violation of Allen's statutory speedy trial rights. Therefore, we reverse Allen's convictions, vacate her sentences, and dismiss the charges against her.

FACTS

Allen and her children began living with Joey Rott at his home in the spring of 2016 and continued living with Rott until Allen and Rott ended their relationship. Allen moved out around July 7 and 8, 2017. While together, Rott and Allen acquired five horses with Rott buying two of them and Allen buying three of them.

On July 7, 2017, Braxton Burgett, a friend of Allen's, agreed to pick up and transport some horses from Rott's property. Burgett went to Rott's house, met with Allen, and loaded five horses onto his trailer at Allen's direction. Burgett recalled seeing someone in the doorway of Rott's home but could not tell who it was. Burgett took the horses to his property. Later that evening, Burgett received a message from Rott stating someone had taken two of his horses. Burgett contacted his friend, a Dickinson County sheriff's deputy, and explained the situation. Burgett's friend put him in contact with Deputy Jeff Browne of the Clay County Sheriff's Department. Browne went to Rott's home, and Rott told Browne that Allen had stolen two of his horses. Rott provided Browne receipts and bank statements showing he paid for the two horses. After Browne determined two of the horses belonged to Rott, he contacted Burgett and told him which horses he should return to Rott. Burgett returned the horses the next day.

During Browne's investigation, Rott also told Browne that Allen had taken one of his checks, signed his name without his permission, and cashed it at a bank in Junction City. Rott showed Browne text messages with Allen wherein he accused her of stealing the check. Browne spoke with Allen regarding Rott's allegations she stole his horses and forged the check. Allen initially denied taking Rott's horses. When Browne asked if the horses were Allen's, she told him "they weren't Joey's." With regard to the check, Allen

2

told Browne that Rott had given her the check, then she and Rott had an argument; Rott said he wanted the check back, but she would not give it to him.

The State charged Allen with forgery, identity theft, and two counts of felony theft. The forgery, identity theft, and one of the felony theft charges stemmed from the allegations Allen took a check from Rott, signed Rott's name without his permission, and cashed the check, thereby obtaining $1,500 from Rott's bank account. The remaining felony theft charge was based on the allegation Allen stole Rott's two horses.

Allen's jury trial was initially scheduled for January 29-30, 2019. Following a motion by the State to continue the trial, the district court granted the motion without a hearing and set a new trial date of May 7-8, 2019.

Before the jury was instructed, the felony theft charge based on the two horses was amended to misdemeanor theft because the combined value of the two horses was less than $1,500. The jury convicted Allen of misdemeanor theft, felony theft, and forgery but acquitted her of identity theft. The district court imposed an underlying sentence of 8 months' imprisonment for forgery with concurrent sentences of 6 months' imprisonment for felony theft and 30 days in jail for theft, suspended to 12 months' supervised probation. Additional facts are set forth as necessary herein.

ANALYSIS

Allen argues her statutory speedy trial rights were violated based on the delay caused when the district court granted the State's continuance request without a hearing shortly before her originally scheduled trial date. Allen further asserts her constitutional right to be present at critical stages of the proceedings was violated because the district court granted the State's motion without a hearing. Accordingly, Allen was not given an opportunity to be present to object to the State's continuance request.

3

"An appellate argument on a 'defendant's right to be present at every critical stage of his or her criminal trial raise[s] an issue of law over which this court exercises unlimited review.' *State v. Verser*, 299 Kan. 776, 787, 326 P.3d 1046 (2014)." *State v. Wright*, 305 Kan. 1176, 1178, 390 P.3d 899 (2017). A statutory speedy trial claim also raises a question of law subject to unlimited review. *State v. Adams*, 283 Kan. 365, 368, 153 P.3d 512 (2007). To the extent Allen's argument requires us to interpret statutes, it likewise raises a question of law subject to unlimited review. See *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

Allen was not in custody during the pendency of this case. With regard to her statutory speedy trial rights, K.S.A. 2019 Supp. 22-3402(b) provides:

> "If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e)."

Relevant to the basis for the State's continuance request, K.S.A. 2019 Supp. 22-3402(e)(3) provides the time for trial may be extended if:

> "there is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding 90 days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than 90 days, and the trial is commenced within 120 days from the original trial date."

Allen acknowledges she did not raise this issue before the district court. Issues not raised before the district court generally cannot be raised on appeal. See *State v. Kelly*,

4

298 Kan. 965, 971, 318 P.3d 987 (2014). However, there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including:

> "(1) The newly asserted theory involves only a question of law arising on proven or admitted facts and is determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason." *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Allen asserts the first two exceptions apply and we should review her claim for the first time on appeal. The State argues neither exception applies and we should decline to consider Allen's argument.

Allen has the more persuasive argument. The State erroneously contends Allen is attempting to raise both a statutory and constitutional speedy trial claim. The State misses the point of Allen's argument. Allen raises only a statutory speedy trial claim; she does not argue her constitutional speedy trial rights were violated. Rather, Allen argues her constitutional *due process rights* were violated because she was denied an opportunity to be personally present and to object to the State's requested continuance.

The State also claims Allen has not properly briefed this issue because she does not cite any caselaw holding a defendant has a right to be present when continuance requests are granted without a hearing. The State's argument is misplaced. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief an issue. But a party need only cite *pertinent* authority in support of its argument. There is no requirement a party cite authority in which the factual and procedural background is identical (or nearly so) to the present case. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

Allen's argument is a logical extension of the holding in *Wright*. A defendant's due process rights are violated when a decision is made on a continuance request without the defendant being present. 305 Kan. at 1178-79. It necessarily follows a defendant's rights are similarly violated when a continuance is granted when no hearing occurred because a defendant cannot be present at a hearing that never happened. But the importance of the defendant's presence is not merely for the sake of being at the hearing; rather, the defendant's presence ensures the defendant is given an opportunity to voice his or her objection to the continuance. See 305 Kan. at 1178. When, as here, the continuance was granted without a hearing and there is nothing in the record to reflect the defendant was personally aware of or consented to the continuance, the defendant is similarly denied his or her right to voice an objection. Allen has properly supported her argument.

Allen correctly relies on *Wright*, 305 Kan. 1176, Syl. ¶ 1, for the proposition that "'[a] continuance hearing is a critical stage of criminal trial, requiring the defendant's presence.'" A continuance request may implicate a defendant's statutory speedy trial rights; however, a hearing on the motion for continuance is a critical stage of the criminal trial. Therefore, a defendant's presence at the continuance hearing implicates a defendant's constitutional rights, regardless of whether the defendant objects to the continuance on statutory or constitutional speedy trial grounds. See 305 Kan. at 1178-79. Accordingly, we will consider this issue as it will serve the ends of justice and prevent the denial of Allen's fundamental rights.

Allen was arraigned on April 5, 2018. On August 2, 2018, Allen's attorney filed a motion for continuance in order to have more time to prepare and file motions and requested a hearing on the continuance request be scheduled for August 9, 2018. The State responded, objecting to the continuance request. In its response, the State detailed a number of delays it asserted were solely attributable to Allen. The district court held a hearing on August 9, 2018. Allen's attorney withdrew his motion for continuance and requested a two-day jury trial setting on the earliest available date. The district court

indicated all delays between arraignment and August 9, 2018, were attributable to Allen. Based on those delays, the district court determined Allen needed to be tried by February 9, 2019, to meet the 180-day statutory speedy trial deadline. The district court set the jury trial for January 29 and 30, 2019, with the approval of both parties.

On January 2, 2019, the State filed a motion for continuance, stating it recently learned one of its witnesses was going to be out of the state on the scheduled trial dates due to work and the State considered the witness to be necessary. In its motion, the State indicated: "The State coordinated with [defense counsel], on January 2, 2019. [Defense counsel] relayed that he has no objection to a continuance." The parties agree the new trial date occurred as the result of an email exchange on January 4, 2019, between the court reporter, the prosecutor, and Allen's attorney. The court reporter sent an email to the prosecutor and Allen's attorney, stating, in pertinent part: "Judge Bosch is suggesting May 7th and 8th for the two day trial. . . . Please advise if these dates work with your calendars." The prosecutor responded: "It works for me as long as the Defendant continues to waive Speedy Trial." Allen's attorney then replied: "May 7-8 works. We'll take the time." Allen's jury trial was set for May 7 and 8, 2019.

After the appeal was filed, this email chain was added to the record on appeal by the State to reflect how the new jury trial date was obtained and further support the fact no hearing occurred. We have serious concerns about the State's reliance on the emails as they do not appear to have been admitted or acknowledged on the record before the district court. Additions to the record on appeal not admitted as evidence before the district court or in pleadings generally are not considered by the appellate court on appeal. See Supreme Court Rule 3.01(a) (2020 Kan. S. Ct. R. 19) ("The entire record consists of: [1] all original papers and exhibits filed in the district court; [2] the court reporter's notes and transcripts of all proceedings; [3] any other court authorized record of the proceedings, including an electronic recording; and [4] the entries on the appearance docket in the district court clerk's office."); Supreme Court Rule 3.02(c) (2020 Kan. S. Ct.

R. 19) (contents of record on appeal); Supreme Court Rule 3.02(d) (2020 Kan. S. Ct. R. 19) (additions to record on appeal).

Even though the email exchanges are not necessarily properly included in the record, they confirm there was no actual hearing for anyone, including Allen, to attend. The trial continuance was all done, it appears, through an email exchange between counsel who recognized the only way the continuance would work required Allen's waiver of her statutory right to a speedy trial—a right personal to her and not her attorney. This email exchange was not a substitute for a hearing to continue the jury trial since the continuance hearing was a critical part of the proceedings against Allen. See *Wright*, 305 Kan. at 1178-79. A motion for continuance requesting a postponement of a jury trial past the speedy trial deadline required a hearing with all parties present, including Allen.

In *Wright*, defendant's counsel requested a continuance of the trial. A hearing was held without the defendant present, and the district court granted the continuance. Our Supreme Court held:

> "'Because a defendant's disagreement matters in a statutory speedy trial analysis, a defendant must have an opportunity to be present to express that disagreement.' *State v. Dupree*, 304 Kan. 43, Syl. ¶ 2, 371 P.3d 862 (2016)." 305 Kan. at 1178.

K.S.A. 2019 Supp. 22-3402, the speedy trial statute, controls here. Subsection (b) requires a person to be brought to trial within 180 days after arraignment unless an exception applies under subsection (e). The various grounds for continuances under subsection (e) require specific circumstances for the district court to grant a continuance. K.S.A. 2019 Supp. 22-3402(e)(1) and (2) address the time constraints for a trial continuance due to a defendant's competency or incompetency and do not apply here. Thus, we are left with only subsection (e)(3) governing our question. Based on the

substance of subsection (e)(3), we see no way for the district court to make the necessary findings to grant the State's continuance request without a hearing or equivalent procedure.

Again, there was no hearing and no way for the district court to make the necessary findings to extend the trial deadline beyond the 180-day limit. In order to grant a continuance based on the State's motion, the district court should have had a hearing at which it determined:

- Allen and her counsel were present;
- the reason for the State's request;
- whether the witness who was alleged to be unavailable in the State's motion was in fact unavailable and a material witness;
- what efforts had been made by the State to have the witness available for the current trial setting;
- whether it was reasonable to believe the witness would be available at the date set for the next trial;
- whether Allen did or did not object to the continuance;
- if Allen objected, what was the basis for the objection;
- if Allen objected, why the district court overruled the objection and granted the continuance; and
- why the district court chose May 7 and 8, 2019, for the new trial date when it exceeded the 90-day limit in K.S.A. 2019 Supp. 22-3402(e)(3) from the original setting on January 29 and 30, 2019.

None of these questions were addressed on the record, and for us to remand for the district court to address after the fact would be a violation of Allen's due process right to be present at a critical stage of the proceedings. No hearing occurred in a timely manner

9

for Allen to participate in to address whether she would object to the requested continuance and/or waive her statutory right to a speedy trial. The State had the burden to bring Allen to trial in compliance with the statutory speedy trial deadline. The State did not meet the deadline. Allen had no obligation to make sure her trial happened within the 180-day deadline. See *State v. Adams*, 283 Kan. 365, 370, 153 P.3d 512 (2007).

This case is distinguishable from *Wright*, which remanded for a hearing on whether the defendant agreed with his attorney's requested continuance in multiple ways. First, the State requested the continuance, and, second, no actual hearing occurred at which Allen could be present. Third, K.S.A. 2019 Supp. 22-3402(e)(3) provides a continuance can be granted for no more than 90 days when material evidence is unavailable. Here, there was no determination by the district court on the record at a hearing as to why the witness would not be available for the trial set for January 29 and 30, 2019; what efforts had been made by the State to secure the witness' presence; if, in fact, the witness was a material witness for the State; or if the State could proceed without the witness' testimony. Fourth, K.S.A. 2019 Supp. 22-3402(g) refers to a continuance granted upon the request of the defendant or his or her attorney after consultation with the defendant. Subsection (g) does not apply here because Allen did not request the continuance and there is nothing in the record before us reflecting Allen's attorney discussed with Allen the continuance request by the State. Fifth, we acknowledge K.S.A. 2019 Supp. 22-3402(i) provides a continuance granted for any reason in K.S.A. 2019 Supp. 22-3402 cannot be charged to the State, but under these facts, there was no hearing for the district court to make any determinations on the record for why a continuance under subsection (e)(3) should be granted. Moreover, there is no order or journal entry of continuance in the record, so we cannot determine whether the district court attempted to grant the continuance in accordance with K.S.A. 2019 Supp. 22-3402. Thus, K.S.A. 2019 Supp. 22-3402(i) does not apply to the facts of this case as no hearing occurred for the district court to explain its reasoning on the record. Finally, the State did not brief the application of K.S.A. 2019 Supp. 22-3402(g) or (i) in this

matter, and we are not going to make the arguments for the State. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned).

Allen's constitutional right to be present at a critical stage of the proceedings and her statutory right to be tried within 180 days were violated. Violation of the statutory right to be tried within 180 days acts like a statute of limitations and requires the convictions be reversed, the sentences be vacated, and the charges be dismissed. See *State v. Gore*, 39 Kan. App. 2d 779, 787, 184 P.3d 972 (2008).

We do not reach Allen's second complaint involving the district court's discussion with her about her right to testify or not testify. Because we have decided the case based on the State's violation of her statutory right to a speedy trial, we need not consider whether the district court erred when it advised her of her constitutional right to testify or not testify.

Convictions reversed, sentences vacated, and charges dismissed.